SPAULDING, *appellant,* vs.KINGSLAND and others, *respondents.*

An order was made by the chancellor on the 23d of June, 1848, denying a motion to vacate a decree and for leave to take proofs. An appeal was brought *in the mode prescribed by the code of procedure,* on the 11th of July, 1848; *held,* that such appeal should have been made in the form prescribed by the statute and rules in force before the code of procedure took effect.

*Held further,* that the code of procedure gives no new *right of appeal* from an order made before it took effect, and that the chancellor's order in question, being upon a matter addressed to his discretion, was not the subject of appeal, according to the previous rule in such cases.

*S. Stevens & N. Hill, Jr.* for the respondents, moved to dismiss the appeal. The chancellor, on the 23d of June last, denied the appellant's motion to vacate a decree which had been

entered against him by default, and a further motion (if the first should be granted) to open the order closing the proofs. Notice of the order denying the motions was served on the 29th of June, and the appeal was taken on the 11th of July. The appeal was taken in the mode prescribed by the code of procedure, and not in accordance with the old law.

*A. Taber*, for the appellant.

BRONSON, J.    The 271st section of the code of procedure, which abolishes the old, and gives a new mode of review, did not at the first apply to any. adjudication in actions commenced before the first of July, when the code took effect. (§§ 8, 391.)    But it was subsequently applied to proceedings after the first of July in suits which were pending before and on that day.    (*Supp. Code*, §§ 2, 18.)    The suit in which this order was made was not pending on the first day of July; it had been disposed of by a final decree before that time.    And further, there has been no proceeding in the suit since the first of July : the order appealed from was made before that day. The appeal should have been in the form prescribed by the old law, the code having nothing to do with the case.    (*Mayor of New-York* v. *Schermerhorn, ante, p.* 423.)

There is a further, and equally fatal objection, that the order was not one from which an appeal would lie.    It was a question of practice addressed to the discretion of the chancellor.    (*Fort* v. *Bard, ante, p.* 43.)    The right to appeal, as well as the mode of proceeding, depended on the old law.

Appeal dismissed.