By the Court.*—Parker, J.
[After stating the facts.]—The case as proved clearly shows, I think, that there was no consideration for the bond and mortgage, as well as a clear, misappropriation thereof to a purpose for which it was not intended, to defendant’s detriment. The bond and mortgage were made expressly as a security for one thousand dollars in money to be advanced, and the defendant gave no consent that they should be delivered upon any other consideration. They were in fact delivered to be held as security for the payment of the judgment held by plaintiff against insolvent debtors. Manifestly the consideration contemplated did not accompany nor follow the delivery, and it is difficult to find any other consideration in the transaction. If it is said plaintiff ’ s agreement to stay proceedings on his judgment was a consideration, that, *377 I think, comes short of making out a consideration; clearly it was of no benefit to the defendant, neither was it a loss or disadvantage to the plaintiff, for as the judgment debtors were insolvent, and it does not appear that the judgment was a lien upon any of their property, or that they had any property, the forbearance was no loss of disadvantage to the plaintiff, or advantage to the debtors. But even if it were a disadvantage to the plaintiff, and an advantage to the debtors, it was not done at the instance of the defendant, and was no inducement to the obligation assumed-by her (1 Pars. on Cont., 431 ; Chitty on Cont., 7, 2 ed. ; Bunn v. Guy, 4 East, 190). In this case Lord Ellewboeough said, in answer to counsel, “A consideration of loss or inconvenience sustained by one party at the request of another, is as good a consideration in law for a promise by such other, as a con'sidera,tion of profit or convenience to himself.”
So it is said in Selwyn’s Nisi Prius, “any act of the plaintiff from which the defendant derives a benefit or advantage, or any labor, detriment or inconvenience sustained by the plaintiff, however small the benefit or inconvenience may be, is a sufficient consideration, if such act is performed, or such inconvenience suffered by the plaintiff, with the consent, either express or implied, of the defendant, or in the language of pleading, at the special instance and request of the defendant” (1 Sel. N. P., 36). There is no pretense of the defendant’s knowledge or consent to the arrangement by which the plaintiff was to forbear the attempt to collect his judgment, and consequently such forbearance constitutes no consideration for the bond and mortgage.
The fact that the bond and mortgage are sealed, instruments does not, under the Revised Statutes, change the rule in regard to consideration. The seal *378 is only presumptive evidence of a sufficient consideration, which may be rebutted in the same manner and to the same extent as if such instrument was not sealed (2 Rev. Stat., 406, § 77, 1 ed.; Wilson v. Baptist Ed. Soc., 10 Barb., 312).* Besides the want of consideration, there was shown such clear misappropriation of the bond and mortgage as to render them invalid, as will be shown in the subsequent discussion.
If the additional fact which plaintiff offered to prove, as above stated, were in the case, still the misappropriation found by the referee would exist and be fatal to plaintiff’s claim. It is to be remembered that on receipt of the bond and mortgage from defendant’s agent, the plaintiff delivered him an agreement in writing whereby he agreed to hold said bond and mortgage as security for the judgment, &c. If the proof had been received, it would not have done away with the written agreement, but have been in addition to it. It. would not have shown that the money was advanced on the credit of the bond and mortgage, as defendant was entitled to have it, but in Ihe most favorable ¡view to the plaintiff, upon the joint credit of the bond and mortgage and the note. The money advanced then would not be defendant’s money, as it would have been' if loaned on the sole credit of her bond and mortgage. •If the money were advanced on the bond and mortgage, and went into the hands of John H. Dearstyne and James Wilson, defendant would have had a claim on those two recipients of the money, respectively, for the repayment to her of what each received, which would not be the case if the money was advanced on the joint credit of the note and bond and mortgage. This shows a misappropriation of the bond and mortgage to a purpose for which it was not made—partially at least —to wit: as a security for the worthless judgment.
The appellant’s counsel cites the case of the Bank *379 of Rutland v. Buck, (5 Wend., 66), to show that such a change in the use of the mortgage as was made, does not invalidate it. In that case the defendant Buck signed a note as surety with Spear & Everest, to enable them to raise money at the Bank of Rutland. It was offered for discount at the bank, and refused; after this it was turned out to House and others, judgment creditors of Spear & Everest, as collateral security on a judgment of a greater amount than that of the note, and it was held that this was no misappropriation, inasmuch as it passed to the credit of Spear & Everest, and . Bank’s situation was not changed. What has been above said suggests the difference between that case and this. Here the mortgage did not go to the credit of John H. Dearstyne and James Wilson to raise money, for whom it was made, and the situation of the defendant is changed from what it would have been had the mortgage been used for the purpose for which she made it, inasmuch as in that case J. H. Dearstyne and Wilson would have been her debtors for the money received by them. The unauthorized delivery of the bond and mortgage, for a purpose different from that for which it was made, was as no delivery, and defendant is not bound by it.
It is a clear case of misappropriation óf the paper to the detriment of the maker. The principle of the case is the same as if the security were a promissory note, since the question is one between the original parties to it. If A. lends his note to B. for a special purpose, in the accomplishment of which A. is interested, it is a misappropriation of it by B., to use it for another purpose in which A. is not interested (See 4 Pars. on Bills and Notes, 28 ; Wardell v. Howell, 9 Wend., 170, 172 ; Kassen v. Smith, 8 Id., 437).
The view which I take of the effect of the evidence excluded, sustains the ruling of the referee in excluding ic, though on a ground which renders it immaterial *380 whether the ground acted upon by the referee was •tenable or not. Ho other questions than those above considered are argued or submitted by the appellant. Upon the whole case, I think no good reason has been shown for reversing the judgment, and that it should be affirmed, with costs.
Judgment affirmed, with costs.
On appeal to court of appeals this judgment was affirmed, in February, 1872, on the grounds above stated, no further opinion being rendered.

 Present—Miller, P. J., Parker and Hogeboom, JJ.

 Compare Calkins v. Long, 22 Barb., 97.