PEOPLE OF THE STATE OF NEW YORK ex rel. H. D. H. REALTY CORPORATION *v.* WILLIAM J. MURPHY, as Clerk of the Municipal Court of the City of New York, Borough of Manhattan, Fourth District.

(Supreme Court, New York Special Term, October, 1920.)

Landlord and tenant — summary proceedings — when proceeding not "pending"— mandamus — Laws of 1920, chap. 942.

> Where before chapter 942 of the Laws of 1920 became effective a final order awarding possession of premises to the landlord in a summary proceeding was granted with a stay expiring October 1, 1920, mandamus lies to compel the clerk to issue the warrant to dispossess the tenant, as the proceeding was not "pending" under said statute.

MOTION for a peremptory writ of mandamus.

Krakower & Peters, for petitioner.

John P. O'Brien, corporation counsel, in opposition.

MULLAN, J.   Mandamus to compel a clerk of the Municipal Court to sign and issue a warrant of dispossess.   On September sixteenth last the landlord obtained a final order awarding to it the possession, but the same justice granted a stay expiring October first.   After October first the clerk, under instructions from one of the justices of the Municipal Court, refused to sign the warrant, upon the stated ground that the landlord's right to it had been destroyed by a provision in one of the recently enacted landlord and tenant statutes (Laws of 1920, chap. 942, effective Sept. 27, 1920) reading: " In a pending proceeding for the recovery of real property * * * on the ground that the occupant holds over after the expiration of

Supreme Court, October, 1920. [Vol. 113.

his term, (the case here) a warrant shall not be issued unless,'' etc., the remainder not being in point. The corporation counsel appearing for the clerk opposes the application upon the sole ground that the summary proceeding was, on October first, '' pending.'' A final order is, of course, a judgment. The question in *Porter* v. *Kingsbury,* 77 N. Y. 164, was whether another action was '' pending. '' Judge Andrews said for the court (p. 168) : '' That (the other) action upon the entry of the judgment was determined, and was no longer pending. The rights of the parties were adjudicated, and the defendants were at liberty to issue execution to collect the costs awarded by the judgment,'' etc. The question in *Spaulding* v. *Kingsland,* 1 N. Y. 426; *Butler* v. *Miller,* Id. 428, and *Rice* v. *Floyd,* Id. 608, was whether, as the then new Code of Procedure prescribed new methods for the prosecution of appeals in actions '' pending '' when the Code took effect, its provisions related to actions that had gone to final judgment prior to the taking effect of the Code. It was held that such an action was not '' pending.'' The decision in *Wegman* v. *Childs,* 41 N. Y. 159, relied upon by the corporation counsel, has in effect been confined to a construction of the word '' pending '' as used in reference to actions in a court that has been abolished. '' This construction (of the court in the *Wegman* case) * * * was essential, to prevent a failure of justice, * * *.'' Andrews, J., in *Porter* v. *Kingsbury, supra.* As the decisions very plainly support the relator's position, I shall refrain from discussion of the reasoning that underlay them. Let the writ issue.

Judgment accordingly.