THE PEOPLE OF THE STATE OF NEW YORK ex rel. H. D. H.
REALTY CORPORATION, Respondent, *v.* WILLIAM J. MURPHY,
as Clerk of the Municipal Court of the City of New York,
Borough of Manhattan, Fourth District, Appellant.

First Department, December 24, 1920.

Landlord and tenant — summary proceeding is pending within
meaning of Laws of 1920, chapter 942, during stay of issuance of
warrant on final order — right of Legislature to withdraw juris-
diction of Municipal Court of City of New York as to summary
proceedings — constitutional law — validity of Laws of 1920,
chapter 942, suspending issuance of warrant in summary pro-
ceedings, except in certain cases.

A summary proceeding to recover the possession of real property in which
a final order was granted before October 1, 1920, but the issuance of a
warrant was stayed till that date, is then pending within the meaning of
chapter 942 of the Laws of 1920, adding subdivision 1a to section 2231 of
the Code of Civil Procedure, which took effect on that date, and which
provided that in a pending proceeding for the recovery of real property
within the territory stated in the act on the ground that the defendant
is holding over, a warrant shall not be issued unless the petitioner brings
himself within the exceptions of the statute.

The petitioner was not entitled to a warrant since he did not show that he
came within the exceptions stated.

The jurisdiction of the Municipal Court of the City of New York is statutory
and it is competent for the Legislature to withdraw its jurisdiction with
respect to summary proceedings or to modify it at will.

*It seems*, that the decision of the issue in favor of the petitioner and the grant-
ing of the final order constituted a judgment on the issues, which by failure
to appeal therefrom has become final, and that the petitioner acquired a
vested right to have a warrant issued prior to the enactment of the statute
in question of which he could not be deprived by an act of the Legislature.

In the case of leases there is a contract either expressed or implied that the
tenant will surrender possession to the landlord at the termination of his
term, and the statute in question, which in effect extends the term of the
lease, would seem to be invalid as impairing the obligation of the contract.

However, in view of the decision of the Appellate Division in the Second
Department in *People ex rel. Rayland Realty Co.* v. *Fagan* (194 App. Div.
186), in which the statute here in question was held to be constitutional,
and in view of the fact that the decision in that case and in this case are
soon to be reviewed by the Court of Appeals, in order that there may not
be a different rule with respect to the remedies under the same statute in
different parts of the same city, the order granting a peremptory writ of
mandamus directing the defendant to sign and issue a warrant on the final
order is reversed.

APPEAL by the defendant, William J. Murphy, as clerk, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 22d day of October, 1920, granting a peremptory writ of mandamus directing him to sign and issue a warrant upon a final order made on September 16, 1920, by the Municipal Court, Fourth District, Borough of Manhattan, in a summary proceeding duly instituted in that court by the petitioner herein, as landlord, against George S. Chaims, as tenant, awarding to the landlord the delivery of the possession of certain premises.

The petition herein alleged that the petitioner is a domestic corporation; and is the owner of premises known as No. 205 East Fourteenth street, borough of Manhattan, city of New York; that on September 2, 1920, the agent of the petitioner filed with the clerk of the Municipal Court, Fourth District, Borough of Manhattan, a petition setting forth that this petitioner was the owner of the above-described premises; that it, as such, entered into an agreement with one George S. Chaims for the hiring of a portion of said premises for the period of one month from the 1st day of August, 1920, which term had expired; that the tenant held over without permission of the landlord; that a thirty days' notice had been served on the tenant that the landlord elected to terminate the tenancy at the expiration of the term, and praying for a final order awarding the petitioner the possession of the premises and for a warrant to remove the tenant from the possession thereof; that on the 2d day of September, 1920, the clerk of the said court issued a precept requiring the tenant to remove from the said premises or show cause on the 7th day of September, 1920, why possession of the premises should not be delivered to the petitioner; that the precept was duly served on the tenant, and that on the return day the tenant appeared in person and filed an answer denying the allegations of the petition, except as to the ownership and possession, and alleging that he had a five-year lease in writing of the premises; that on the 16th day of September, 1920, the issues raised by the petition and answer were tried before Mr. Justice GENUNG of the said court, and that the said justice on that day decided the issues in favor of the petitioner and made a final order awarding the

delivery of the possession of the premises to the landlord on the ground that the tenant's term had expired and he was holding over without the consent of his landlord, but the justice granted the tenant a stay of the issuance of the warrant to October 1, 1920; that no provision was made for the payment of any moneys by the tenant during the said stay; that the petitioner on October 2, 1920, duly demanded a warrant of the clerk of said court, but that he refused to issue such warrant; that the said tenant is still in possession of the said premises; that no appeal has been taken from the final order; wherefore the petitioner prays for a peremptory writ of mandamus directed to the clerk of the said court requiring him to issue the warrant as directed in the said final order.

On this petition an order was issued requiring the defendant to show cause on October 7, 1920, why the peremptory writ asked for should not issue, and on the 21st day of October, 1920, the order was granted.

*John F. O'Brien* [*Henry J. Shields* and *James D. O'Sullivan* with him on the brief], for the appellant.

*David L. Podell,* for other tenants as *amicus curiæ.*

*William D. Guthrie* and *Julius Henry Cohen, Special Deputy Attorneys-General,* for the Attorney-General.

*Elmer G. Sammis* and *Bernard Hershkopf* for the Joint Legislative Committee on Housing as *amici curiæ.*

*Charles C. Peters* [*I. Maurice Wormser* with him on the brief], for the respondent.

LAUGHLIN, J.:

The appellant predicates his claim for a reversal on the construction of chapter 942 of the Laws of 1920, which took effect on the twenty-seventh day of September; and the respondent claims that a proper construction of the statute requires an affirmance, but if not, then the statute, in so far as it purports to deprive the landlord of the right to the dispossess warrant, is unconstitutional. The statute was enacted at an extraordinary session of the Legislature duly convened by the Governor on the 20th day of September, 1920.

The appellant contends that the dispossess proceeding was pending on the 27th day of September, 1920, when said chapter 942 was enacted. By that chapter section 2231 of the Code of Civil Procedure was amended by adding thereto subdivision 1-a, which is as follows:

" 1-a. A public emergency existing, no proceeding as prescribed in subdivision one of this section shall be maintainable to recover the possession of real property in a city of a population of one million or more or in a city in a county adjoining such a city, occupied for dwelling purposes, except a proceeding to recover such possession upon the ground that the person is holding over and is objectionable, in which case the landlord shall establish to the satisfaction of the court, that the person holding over is objectionable; or a proceeding where the owner of record of the building, being a natural person, seeks in good faith to recover possession of the same or a room or rooms therein for the immediate and personal occupancy by himself and his family as a dwelling; or a proceeding where the petitioner shows to the satisfaction of the court that he desires in good faith to recover premises for the purpose of demolishing the same with the intention of constructing a new building, plans for which new building shall have been duly filed and approved by the proper authority; or a proceeding to recover premises constituting a part of a building and land which has been in good faith sold to a corporation formed under a co-operative ownership plan whereof the entire stock shall be held by the stockholders in proportion to the number of rooms occupied or to be occupied by them in such building and all apartments or flats therein have been leased to stockholders of such corporation for their own personal, exclusive and permanent occupancy to begin immediately ' upon the termination of any tenancy of the apartments or flats leased by them existing on the date when this subdivision takes effect.

" In a pending proceeding for the recovery of real property in such a city on the ground that the occupant holds over after the expiration of his term, a warrant shall not be issued unless the petitioner establishes to the satisfaction of the court that the proceeding is one mentioned in the exceptions enumerated in this subdivision.

" This subdivision shall not apply to a new building in course of construction at the time this subdivision takes effect or commenced thereafter and be in effect only until the first day of November, nineteen hundred and twenty-two."

The joint legislative committee which also recommended the enactment of this statute appended thereto an explanatory note stating the object of the exceptions, and stating generally as follows: " This bill will do away with the anxiety of the many people in New York who are now holding their premises under short stays or have been served with notices to move on October 1st. The notices served upon people that they will be required to vacate on October 1st will be wholly ineffectual after the passage of this bill. In hold-over proceedings already brought, where a stay has been granted, the court cannot issue a warrant to put the tenant out unless it is for one of the causes mentioned above."

Concededly the dispossess proceeding did not fall within any of the exceptions noted in the statute. Counsel for the respondent contends that the proceeding was terminated by the final order of the court directing that a warrant to dispossess the tenant should issue and that, therefore, it was not a pending proceeding when the statute was enacted; and they also claim that if the statute requires a construction embracing a proceeding in which such a final order had been granted, then it is in that respect unconstitutional and void and that the relator was in either event entitled to the writ.

Neither of the two points presented has been authoritatively decided. I am of the opinion that it is perfectly clear that the Legislature intended that after the enactment of the statute no warrants should be issued in a dispossess proceeding not excepted therefrom, until the 1st day of November, 1922, at which time it is evident the Legislature expected the public emergency would terminate. It will be seen that the Legislature withdrew the summary remedy theretofore given for the recovery of the possession of any real property occupied for dwelling purposes with the exceptions which are not material to this appeal. Having forbidden the maintenance of such a proceeding, it also expressly forbade the issuance of a dispossess warrant in any pending proceeding for the recovery of real property on the ground that the occupant was holding

over after the expiration of his term, unless the petitioner established to the satisfaction of the court that the proceeding came within one of the exceptions enumerated.

One of the objects of the Legislature would be frustrated if any further dispossess warrants were issued. If there were any doubt arising on the phraseology of the statute with respect to the intent of the Legislature in this regard, it would be removed by the note of the joint legislative committee which accompanied the draft of the bill and referred to stays granted under section 3 of chapter 137 of the Laws of 1920, which authorized the granting of a stay of the issuance of a warrant under the final order for a period deemed proper, but not more than twelve months upon conditions specified in the statute. (*Caminetti* v. *United States*, 242 U. S. 470, 490; *United States* v. *St. Paul, M. & M. R. Co.*, 247 id. 310, 318; *Famborille* v. *Atlantic, Gulf & Pacific Co.*, 155 App. Div. 833, 840; affd., 213 N. Y. 666.)

The opinion of the learned court at Special Term (113 Misc. Rep. 253) shows that the writ was granted on the theory that the summary proceeding was not pending, and he cited as authority for that ruling *Porter* v. *Kingsbury* (77 N. Y. 164) where it was held that a plea of the pendency of a former action involving the same issues, which is authorized to avoid vexatious litigation, was not sustained by proof that the complaint in a former action by the plaintiff against the defendant had been dismissed for the failure to serve a notice required to be served before the action could be maintained, and that the judgment had become final owing to the failure of the plaintiff to appeal therefrom, but that the costs awarded thereby had not been paid. The plaintiff in that case, recognizing that his cause of action was not complete when he brought the first action, served the requisite notice and brought the second action in which this plea was interposed. The court in overruling the plea of the pendency of the former action held that if the judgment in the former action was a bar, it should have been pleaded as such, but that the action was terminated by the judgment and was " no longer pending within the meaning of this plea."

In *Wegman* v. *Childs* (41 N. Y. 159), however, the court held that an action prosecuted to final judgment which remained

unsatisfied was " pending " within the meaning of article 14, section 5, of the Constitution of 1846, which transferred the jurisdiction of the Court of Common Pleas to the Supreme Court and provided that all proceedings " then pending " in the Court of Common Pleas should become vested in the Supreme Court, and that an execution issued out of, and supplementary proceedings instituted in, and a receiver appointed by the Supreme Court under a final judgment in the Court of Common Pleas were authorized. That decision, although distinguished in *Porter* v. *Kingsbury (supra)*, was cited with approval in *Mulstein Company* v. *City of New York* (213 N. Y. 308, 314), wherein it was held that the issuing of an execution and proceedings supplementary thereto are proceedings in the action. These and other authorities cited merely give effect in construing statutes and constitutional provisions to the intent of the lawmakers, which here, I think, is plain. The relator, therefore, was not entitled to the writ under the statute and may not have it unless the statute is unconstitutional.

The jurisdiction of the Municipal Court is statutory (N. Y. City Mun. Ct. Code [Laws of 1915, chap. 279], § 6, as amd.) and not preserved by the Constitution, and it is, therefore, competent for the Legislature to withdraw its jurisdiction with respect to summary proceedings or to modify it at will.

At the time the summary proceeding in question was instituted the Legislature had, by said chapter 137 of the Laws of 1920, which took effect on the 1st day of April, 1920, authorized a stay of the issuance of the dispossess warrant in certain cases. That was the status of the jurisdiction of that court when the relator by petitioning it instituted the summary proceeding; and pursuant to the statute, the court had stayed the warrant until October first, before the Legislature by said chapter 942 attempted further to suspend the issuance of the warrant until November 1, 1922. As has been seen, chapter 942, enacted at the extraordinary session, amended section 2231 of the Code of Civil Procedure by adding subdivision 1-a, relating to cities having a population of 1,000,000 or more and to cities in a county adjoining, forbidding, on the ground of a public emergency, the maintainance of summary proceedings under subdivision 1 of the section excepting with respect to objectionable tenants holding over and where the owner in

good faith desired the property for his own immediate use as a dwelling, and where possession was sought in good faith for the purpose of demolishing the building and constructing a new building, and where the premises had been in good faith sold to a corporation formed under a co-operative ownership plan for personal occupancy by the stockholders. That amendment also forbids the issuance of a warrant in a pending dispossess proceeding based on the tenant's holding over without proof that the proceeding was within one of the four specified exceptions, and it was provided that it should not apply to a new building in the course of construction or thereafter constructed, and that it should remain in effect only until November 1, 1922. By the note of the joint legislative committee recommending this chapter, it is stated that it will be a relief to the anxiety of those who are holding over under short stays or who have been served with notices to move on October first, and that such notices will be ineffectual, and that it forbids the issuance of warrants in hold-over proceedings where a stay has been granted unless the proceeding falls within one of the exceptions. That this was intended as a statutory stay without further judicial action is evidenced from the fact that by chapter 948, enacted on the same day, chapter 137, which theretofore authorized stays, as already stated, was amended, so as to exclude New York city, and its operations were confined by phraseology embracing only Buffalo and Rochester. In a like note to chapter 948 it is stated that the reason that the city of New York was excepted from the statutory provisions authorizing the court to grant a stay was that said chapter 942 was deemed sufficient to cover hold-over proceedings in New York city and in cities in counties adjoining. It is contended by the respondent that the relator had a vested right to the issuance of the warrant on the first of October, which it was not competent for the Legislature thus to suspend. It will be borne in mind that the relator in thus invoking the aid of the Municipal Court took the risk of the issuance of a warrant being stayed for a year, but that authority was withdrawn as I have stated. It is well settled that vested property rights under a final judgment or determination in the nature of a judgment cannot be affected by subsequent legislation. (*Gilman* v. *Tucker*, 128 N. Y. 190; *People ex rel.*

*Reynolds* v. *Common Council*, 140 id. 300; *Livingston* v. *Livingston*, 173 id. 377; *Germania Savings Bank* v. *Suspension Bridge*, 159 id. 368.)   The decision of the issue in favor of the relator and the granting of the final order constituted a judgment on the issues which, by failure to appeal therefrom, has become final, and of that unquestionably it was not competent for the Legislature to deprive the relator.   (*Reich* v. *Cochran*, 151 N. Y. 122; 105 App. Div. 542; *People* v. *Kelsey*, 14 Abb. Pr. 378; *Altschuler* v. *Lipschitz*, 113 N. Y. Supp. 1058; *Dyckman* v. *Mayor, etc.*, 5 N. Y. 434.)

By thus withdrawing from the court which had granted the stay until October first authority to continue it further, the tenant's rights under the stay granted by the court terminated on October first, and he had no further right unless the attempted legislative stay was valid, for the only other authority for a stay is in the provisions of chapter 210 of the Laws of 1920 (amdg. N. Y. City Mun. Ct. Code [Laws of 1915, chap. 279], § 6, subd. 3), authorizing the Municipal Court, among other things, upon the rendering of a final order in summary proceedings, to grant a stay of the execution of the warrant for not more than thirty days, but that was not invoked, and if it had been it would have been inapplicable since the authority thereby conferred relates only to an original stay.   I am of opinion, therefore, that the landlord, prior to the enactment of chapter 942, had acquired a vested right to have a warrant issued under a final order on October first and that this was a property right of which he could not be deprived by the act of the Legislature.   (*Gilman* v. *Tucker*, *supra; Livingston* v. *Livingston, supra.*)   It is claimed, however, that the statute may be sustained on the theory that it is merely a temporary suspension of the right of the landlord under the final order and that it was authorized by the public emergency.   Appellant relies in support of this contention upon *Edmonson* v. *Ferguson* (11 Mo. 344) where a State statute suspending actions and proceedings against volunteers while absent from the State during the Mexican War was sustained as valid, and on *Breitenbach* v. *Bush* (44 Penn. St. 313) sustaining the validity of a State statute staying civil process against any person in the service of the State or of the United States during the War of the Rebellion for the term of

such service and for thirty days thereafter.    The decisions in
those cases might well have been sustained on the ground that
the statutes were enacted to enable the defendant in the serv-
ice of his State or country to have his day in court; and in so far
as the opinions go upon the theory that there was a well-recog-
nized distinction between the obligations of a contract and the
remedies afforded for the enforcement of its obligations they are
not in harmony with the decisions of the Federal court which
have been cited in *Levy Leasing Co., Inc.,* v. *Siegel* (194 App.
Div. 482), which was argued and is decided herewith, and they
need not be further discussed here.    In *Breitenbach* v. *Bush*
(*supra*), however, the court stated that where the parties contract
concerning a remedy, the remedy becomes a part of the obliga-
tion and may not be affected by subsequent legislation.    In
the case of leases, there is a contract either express or implied
that the tenant will surrender possession to the landlord at
the expiration or termination of his term, and the statute
extending his term, as does the statute now under consideration,
constitutes, if not an impairment of a remedy provided for in
the contract, at least, an impairment of the obligations of the
contract.    (See U. S. Const. art. 1, § 10, subd. 1.)    *Hoffman*
v. *Charlestown Five Cents Savings Bank* (231 Mass. 324), sus-
taining the constitutionality of the Soldiers' and Sailors' Civil
Relief Act (40 U. S. Stat. at Large, 440, chap. 20; Id. 444,
§ 302), which provided for a stay of proceedings in certain
cases where the defendant was in the military service, is also
cited in support of the contentions of the respondents, but I
find nothing in the opinion bearing materially on the point
here presented for decision.

If chapter 947 of the Laws of 1920 (adding to Code Civ.
Proc. § 1531a), withdrawing the remedy by ejectment, be
held to be unconstitutional and void, it would seem to follow
that it was incompetent for the Legislature by this statutory
stay to deprive the owner of the possession of his property
and secure possession to the tenant, whose term had expired,
for the period of the statutory stay.    However, since the rent
cases were argued before this court and we had determined
how we would decide them and our opinions had been formu-
lated, our attention has been drawn to a decision of the Appel-
late Division in the Second Department in *People ex rel.*

*Rayland Realty Co., Inc.*, v. *Fagan* (194 App. Div. 185) in which that court by a divided vote sustained the statute here involved as valid with respect to cases in which final orders had been made before its enactment. With all due deference to the opinions of the learned justices who wrote in favor of the validity of the statute, we still adhere to our own views; but since that decision and ours are soon to be reviewed by the Court of Appeals, in order that there may not be a different rule with respect to the remedies under the same statute in different parts of the same city, we will follow that decision and reverse the order and deny the motion, but without costs.

CLARKE, P. J., DOWLING and GREENBAUM, JJ., concur; MERRELL, J., concurs in result.

Order reversed and motion denied, without costs.