The People of the State of New York ex rel. Sydney Ballin, Respondent, *v.* Thomas O'Connell, Clerk of the Municipal Court of the City of New York, Borough of Manhattan, First District, Appellant.

First Department, December 24, 1920.

See head note in *People ex rel. H. D. H. Realty Corporation* v. *Murphy (ante,* p. 530).

Appeal by the defendant, Thomas O'Connell, as clerk, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 23d day of October, 1920, granting a peremptory writ of mandamus.

*John F. O'Brien* of counsel [*Henry J. Shields* and *James D. Sullivan* with him on the brief], for the appellant.

*J. Sidney Bernstein* of counsel, for the respondent.

*William D. Guthrie* and *Julius Henry Cohen*, Special Deputy Attorneys-General, for the Attorney-General.

*Elmer G. Sammis* and *Bernard Hershkopf* of counsel, for the Joint Legislative Committee on Housing, as *amici curiæ.*

*David L. Podell,* as *amicus curiæ.*

LAUGHLIN, J.:

The relator on his own affidavit and on the affidavit of a city marshal obtained an order to show cause, on which the motion was heard. The affidavit of the relator states that he is the owner of premises known as 47–49 Morton street, borough of Manhattan; that in July, 1920, a portion of said premises were in the possession of one Edward Lang, to whom he had previously rented them for the period of one month, which term had expired; that in July, 1920, he instituted a proceeding in the Municipal Court, First District, Borough of Manhattan, praying for a final order awarding him the possession of said premises, and for a warrant to remove the said tenant; that the tenant appeared, answered and the proceeding came on for trial; that on the said trial a stipulation was entered into whereby it was consented between the parties that a final order be made and entered awarding to the landlord the possession of the premises, and that a stay of the execution of the warrant be had until October 1, 1920, the tenant in the meantime paying the same rate of rent; that such order was entered on July 22, 1920, and that no appeal was taken therefrom; that no other stay has been granted; that on October 4, 1920, a city marshal, acting under his direction, applied to the clerk for a warrant under such final order, but the clerk refused to sign, issue or deliver the warrant and still refuses so to do; that he seeks to obtain possession of the premises in order to alter and improve them in accordance with plans duly filed for which contracts have been let; that the tenant is still in possession of said premises, and that the landlord is sustaining financial loss through the refusal of the clerk to issue the warrant. His affidavit is supported by that of the city marshal.

The court directed that a peremptory writ of mandamus issue requiring the appellant as such clerk of the Municipal Court to sign, deliver and issue to the marshal a dispossess warrant as provided in the final order.

The dispossess proceeding to which the application herein

relates was instituted in July, 1920, to recover possession of premises on the ground that the tenant was holding over after the expiration of the term without the consent of the landlord.

The only material difference between this proceeding and *People ex rel. H. D. H. Realty Corp.* v. *Murphy* (194 App. Div. 530) is that here the final order was entered on a stipulation in open court made after issue was joined on the petition and answer and without a trial and decision on the issues by the court and the same stipulation provided that the issuance of the dispossess warrant should be stayed until October 1, 1920.

Counsel for the respondent here makes the same contention as was made by counsel for the respondent in the other mandamus proceeding. He, however, further contends that the stipulation constitutes a contract by which the tenant agreed, in effect, to waive the benefit of the provisions of said chapter 137 of the Laws of 1920, which had not then been amended by excepting New York city therefrom (Laws of 1920, chap. 948), authorizing the court to grant a stay of the dispossess warrant, and that at the expiration of the stipulated stay the dispossess warrant might be issued. There is force in the contention that this constitutes a contract with respect to the remedy, of which the landlord could not be deprived by a subsequent act of the Legislature, even though it had power so to stay the remedy where there is no contract with respect to the remedy. (See *Breitenbach* v. *Bush*, 44 Penn. St. 313.) It is, however, unnecessary to decide the point, for as stated in the opinion in *People ex rel. H. D. H. Realty Corp.* v. *Murphy* (*supra*) we would grant the writ in any event were it not for the decision made by the Second Department in *People ex rel. Rayland Realty Co., Inc.*, v. *Fagan* (194 App. Div. 185), to which reference is made in that opinion. We will, however, for the reasons stated in the other opinion follow that decision and reverse the order and deny the motion, but without costs.

CLARKE, P. J., DOWLING and GREENBAUM, JJ., concur; MERRELL, J., concurs in result.

Order reversed and motion denied, without costs.