In the Matter of JOHN D'AGOSTINO, Appellant, against FRED L. BERNABEL, Respondent.— This is a summary proceeding in which a judgment was entered in the Justice's Court of the Town of Eastchester on October 16, 1944, in favor of the landlord. On November 16, 1944, the tenant appealed to the County Court of Westchester County. Despite the fact that the appeal to the County Court was not taken within twenty days, as provided by section 428 of the Justice Court Act (L. 1920, ch. 937), the County Court entertained the appeal and vacated

and set aside the judgment, holding that it was a nullity because the thirty-day notice terminating the tenancy was not served in the manner prescribed by section 228 of the Real Property Law. The landlord appeals. Order of the County Court of Westchester County dated December 30, 1944, reversed on the law, and the judgment of the Justice's Court reinstated, with costs in all courts. Appeal from order denying reargument dismissed, without costs. The County Court should have dismissed the appeal. (*Garges Bros., Inc.,* v. *Specht,* 241 App. Div. 737; *East Syracuse Motor Car Co.* v. *Tuttle,* 230 App. Div. 872; *Quackenbush* v. *Johnston,* 249 App. Div. 452, 454.) Moreover, the judgment of the Justice's Court was valid even though the notice terminating the tenancy was served by registered mail and not in accordance with the provisions of the statute. On the return day the tenant did not question the jurisdiction of the Justice's Court, but appeared generally and asked for time within which to vacate the premises. Under these circumstances, the Justice's Court having jurisdiction of the subject matter and the tenant, the latter waived any defect in the service of the notice. (*J. H. Schneider & Co.* v. *Amendola,* 113 N. Y. S. 517; *Cutting* v. *Burns,* 57 App. Div. 185.) Hagarty, Acting P. J., Johnston, Adel, Lewis and Aldrich, JJ., concur.