WILLIAM SEMBER, Appellant, *v.* MINNIE LOUGHREY, Respondent.

County Court, Erie County, May 7, 1948.

*Benjamin Isenberg* for appellant.

*G. M. Blackmon* for respondent.

ROBINSON, J. This is an appeal from an ex parte order granted by PAUL J. SCHMIDLE, Justice of the Peace of the Town of West Seneca, New York, on February 16, 1948, reopening the case and vacating the decision made in this proceeding on December 18, 1947.

William Sember, the landlord appellant herein, instituted summary proceedings under the authority of section 5-a of the Justice Court Act for the removal of Minnie Loughrey from certain premises in the town of West Seneca. On December 18, 1947, the case was called, the tenant appeared in person and the landlord by J. Ryan, attorney.

In the return submitted by the Justice and filed in the Erie County Clerk's Office on February 27, 1948, the following entries appear:

'' Dec. 18th, 1947 stipulation was entered that final order be entered and execution of warrant of dispossess be held sixty days.

'' Feb. 16th, 1948 order re-opening proceeding signed and copy served upon plaintiff.''

A little further on in the return the Justice throws light upon the above terse entries by stating in a signed statement that the '' Decision in favor of the petitioner in the above entitled matter having heretofore been made by the undersigned, * * * and the date for the signing of a warrant of eviction having not yet arrived and the tenant, Minnie Loughrey, having duly made application for a re-opening of this case,'' he thereby ordered, adjudged and decreed '' that this proceeding be and the same is hereby re-opened and that a hearing upon the merits be and the same hereby is ordered and directed to be held '' stating as grounds for such order reasons numbered 1 through 3 set forth in substance as follows:

(1) That the tenant was not represented by counsel.

(2) That the notice to vacate was insufficient (citing paragraph [2] of subdivision [a] of section 209 of the Housing and Rent Act of 1947; U. S. Code, tit. 50, Appendix, § 1899, subd. [a], par. [2]).

(3) That the decision was made without a proper hearing to sustain a decision or judgment for the petitioner by default against the tenant.

To determine the propriety of the above set forth order herein appealed from, it is first necessary to scrutinize the original proceedings referred to above in order to decide the legal effect of said proceedings.

In answer to respondent's contentions concerning the alleged defects both in the notice and in the proceedings before the Justice, it is significant to note the long line of cases in New York State holding that a general appearance by a party in such proceedings waives most defects going to the jurisdiction of the person or the subject matter, and that an individual

may limit his rights and duties in relation to another individual stipulation or agreement.

In *Reich* v. *Cochran* (151 N. Y. 122 [1896]), a case involving summary proceedings, Judge MARTIN states at page 129:

" The appellant, in his brief, has also raised several questions as to the regularity of the proceedings and the validity of the judgment entered in the District Court. We do not deem it necessary to examine them separately. The record discloses that the plaintiff in this action appeared in the District Court and made no objections to the regularity of the proceedings therein. Furthermore, upon the trial of this action, it was stipulated in open court that such a proceeding was instituted for the purpose of dispossessing the plaintiff, and that on the seventeenth of August, 1892, a judgment was entered in favor of the petitioner that he have possession of the premises and that a warrant issue to remove him therefrom. There was then no claim or suggestion that any of the proceedings which resulted in that judgment were irregular or that the judgment was invalid. We think when properly construed this stipulation must be regarded as an admission that a proper and valid judgment was entered in favor of the petitioner. Under the circumstances we are of the opinion that the plaintiff is not in a position to raise any question as to the regularity or validity of that judgment.

" Moreover, no such objections were taken to the judgment upon the trial of this action, and it is a well-settled rule in this court that a question which was not raised on the trial will not be considered for the first time on appeal."

In *Crane* v. *Van Derveer* (45 App. Div. 139 [3d Dept., 1899]), a proceeding before a justice for forcible entry and detainer, Mr. Justice MERWIN, in granting the petitioner possession of the disputed premises, refutes the respondent's contention that " the court had not acquired jurisdiction of the subject-matter " because of an inadequate description in the petition of the " interest of the petitioner in the premises of which possession was claimed," and states as follows at pages 140–141: " The query is whether the objection was not waived by the general appearance and answer and subsequent proceedings before the question was raised. * * * We are of the opinion that the defect, if there was one, was waived."

It is interesting to note that in the case last above cited, the defendant appeared and called for a jury trial, a panel was named, and the case was adjourned for two days, there having been produced no testimony or other evidence of any

sort going either to the merits of the case or to the issue of the propriety of the jurisdiction at that time.

Again in *Matter of Steele* (154 App. Div. 860 [4th Dept., 1913]), where the petition in a summary proceedings to remove a tenant was challenged for certain defects in form, McLENNAN, P. J., stated at page 862: " However objectionable in form this petition may have been, the parties agreed to proceed to try the proceeding upon the merits, thereby waiving any defect in the petition."

Although in the case at bar it is claimed that there was no adequate hearing, the stipulation in open court between the parties to the proceedings determined conclusively in the absence of a showing of fraud, their rights and duties in the matter at issue in their relationship to each other.

In the *Matter of New York, Lackawanna & Western R. R. Co.* (98 N. Y. 447 [1885]), wherein the court is requested to supersede an agreement covering the appraisal of property in dispute by the appointment of a new group of commissioners, Judge EARL, states at pages 452–453 the following: " But the agreement of the parties bound them and concluded the court in that proceeding, and the court was bound as between the parties to observe, enforce and carry out the agreement. Parties by their stipulations may in many ways make the law for any legal proceeding to which they are parties, which not only binds them, but which the courts are bound to enforce. They may stipulate away statutory, and even constitutional rights. They may stipulate for shorter limitations of time for bringing actions for the breach of contracts than are prescribed by the statutes, such limitations being frequently found in insurance policies. They may stipulate that the decision of a court shall be final, and thus waive the right of appeal; and all such stipulations not unreasonable, not against good morals, or sound public policy, have been and will be enforced; and generally, all stipulations made by parties for the government of their conduct, or the control of their rights, in the trial of a cause, or the conduct of a litigation, are enforced by the courts."

In the very recent case of *Matter of D'Agostino* v. *Bernabel* (269 App. Div. 853 [2d Dept., 1945]), the court in its memorandum went so far as to declare a judgment of a Justice's Court " valid even though the notice terminating the tenancy was served by registered mail and not in accordance with the provisions of the statute " and continues at page 854 with the following: " On the return day the tenant did not question the jurisdiction of the Justice's Court, but appeared generally and

asked for time within which to vacate the premises. Under these circumstances, the Justice's Court having jurisdiction of the subject matter and the tenant, the latter waived any defect in the service of the notice. [Citations omitted.]"

In the case at bar, as in this case, the tenant "appeared generally" and "asked for time within which to vacate the premises", and the Justice's Court had jurisdiction of the subject matter and the tenant. It follows then that here also the tenant waived any defect in the service of the notice.

In answer to the contention of the respondent herein that "a judgment of eviction is not complete until the final warrant has been signed," it is significant to note that a final order in summary proceedings is comparable to a judgment in a civil action and appealable under the same circumstances and rules governing the latter. (Civ. Prac. Act, § 1441; Justice Ct. Act, §§ 426, 427, 428.) The nature of such final order is further clarified in two Appellate Division cases of 1920.

In *People ex rel. Rayland Realty Co.* v. *Fagan* (194 App. Div. 185 [2d Dept., 1920]), the court in conjunction with holding an emergency rent law constitutional states at page 188: "The final order in the supplementary [*sic*] proceeding does determine every question litigated or that may on the issues raised be litigated, relating to the existence and validity of the lease and the relation of the parties (*Reich* v. *Cochran*, 151 N. Y. 127), but it does not, as we have seen, terminate the relation of landlord and tenant; that is done by the warrant which is a subsequent step in the procedure itself. (Code Civ. Proc. § 2253.)"

And *People ex rel. H. D. H. Realty Corp.* v. *Murphy* (194 App. Div. 530 [1st Dept., 1920]), in dealing with the same law, states at page 538: "The decision of the issue in favor of the relator and the granting of the final order constituted a judgment on the issues which, by failure to appeal therefrom, has become final, and of that unquestionably it was not competent for the Legislature to deprive the relator. (*Reich* v. *Cochran*, 151 N. Y. 122; 105 App. Div. 542; *People* v. *Kelsey*, 14 Abb. Pr. 378; *Altschuler* v. *Lipschitz*, 113 N. Y. Supp. 1058; *Dyckman* v. *Mayor, etc.*, 5 N. Y. 434.)"

(Both of the above cases being affirmed by the Court of Appeals the following year in 230 New York 653, and 230 New York 654, respectively.)

By section 428 of the Justice Court Act entitled "*Appeal; when and how taken*", it states that "An appeal must be taken within twenty days after the entry of the judgment in the justice's docket".

In the case at bar, the proceedings were commenced on the 18th day of December, 1947, culminating in the stipulation of the parties on the same day. No further action was taken by or in behalf of the respondent tenant herein until February 16, 1948, at which time she applied for and was granted the ex parte order purporting to reopen the original proceedings. From the papers before the court and in the light of the mandate of section 451 of the Justice Court Act, which declares in part that " The appellate court must render judgment according to the justice of the case without regard to technical errors or defects which do not affect the merits ", and in conformity with the case law of New York State, it is the opinion of the court that a final order in the proceedings at bar, was, in effect, entered by the Justice of the Peace below.

Where there are inconsistencies apparent in the records of the lower court, as is here the case, it is customary to analyze the two functions of a magistrate, the " judicial " and the " ministerial," the more important of which in determining the rights of the parties concerned being, of course, the judicial. In the words of LEONARD, C., in *Fish* v. *Emerson* (44 N. Y. 376 [1871]) at page 378: " The act of rendering judgment by the justice is judicial; that of entering it in his docket is ministerial. The judicial functions of the justice are completed when he has rendered his judgment." And in the words of GRAY, C., at page 381: " It is to be regretted that the justice had not transferred the entry of this judgment from the entry made on his minutes to his docket as by statute he was required. This omission of duty on his part did not invalidate the judgment; the statute being directory. (*Sibbley* v. *Howard,* 3 Den., 72, 73; *Walrod* v. *Shuler,* 2 N. Y. 134.) "

As to the position of a justice of the peace after he has once judicially determined the rights of the parties herein to then reconsider said determination by a reopening of the proceedings by a vacation of the order or by otherwise affecting the same, the Court of Appeals has held as follows. In *Stephens* v. *Santee* (49 N. Y. 35 [1872]) at page 39, the court states as follows: " When the case is tried by the justice, without a jury, he is judicially to determine the amount of the recovery, and he must do this and make an entry thereof, as required by law, within the time fixed by statute for that purpose. After the expiration of this time, his judicial functions in respect to the matter cease, and he can do nothing further in the premises. (*Hall* v. *Tuttle,* 6 Hill, 38, and cases cited; *Fish* v. *Emerson* 44 N. Y., 376.) "

And in *People ex rel. Chase* v. *Wemple* (144 N. Y. 478 [1895]), Judge FINCH states at page 482: " It is the general rule that officers of special and limited jurisdiction cannot sit in review of their own orders or vacate or annul them. A justice of the peace cannot set aside or alter a judgment after he has entered it. (*Stephens* v. *Santee,* 49 N. Y. 39.)"

The respondent's contention that this appeal was improperly taken from the Justice's order of February 16, 1948, rather than from said Justice's denial on February 25, 1948, of the appellant's motion below for the issuance of the warrant in said proceedings has little merit in the light of the above-referred to section 451 of the Justice Court Act, which directs the court to subordinate matters of procedure to matters affecting the substantial rights of the parties concerned.

It is the opinion of the court, therefore, that the ex parte order made by PAUL J. SCHMIDLE, Justice of the Peace, Town of West Seneca, New York, on the 16th day of February, 1948, reopening the case and vacating the decision made in this proceeding on the 18th day of December, 1947, should be and hereby is reversed and set aside.