David L. Glickman, J.
Motion by a tenant, named in a summary proceeding instituted in the Justice Court of the Town of Brookhaven, to stay the sale of fixtures and other personal property under a final order obtained in such proceeding, to stay collection of back rent and to direct a trial of the issues.
It appears that the summary proceeding was on the Justice Court Calendar for trial on December 4,1963 and was adjourned to December 11, 1963. The tenant’s attorney requested an adjournment until after the Hew Tear, claiming to be unavailable until then. The matter next came on for trial on March 18,1964 and was adjourned to March 25,1964 at tenant’s request, due to an alleged engagement of counsel in this court. In so adjourning the matter, the Justice of the Peace marked the case peremptorily against tenant. On March 25, 1964, tenant’s attorney, still claiming a trial engagement in this court, asserts that he advised the Justice Court of his engagement, but nevertheless an inquest was taken and a final order entered in favor of the landlord.
It is clear that this court is without jurisdiction to entertain the instant application. The only method for review of a judgment rendered by a Justice of the Peace in a civil action is by an appeal to the County Court. (Justice Court Act, §§ 426, 427.) A final order in a summary proceeding is comparable to a judgment and is similarly appealable. (Sember v. Loughrey, 193 Misc. 573.)
Accordingly, the motion is denied, and the stay contained in the order to show cause is vacated.