■ JANET HARRINGTON et al., Respondents-Appellants, v SMITHTOWN GENERAL HOSPITAL, Appellant, and EMMA V. DEBASTOS, as Administratrix of the Estate of MANUEL DEBASTOS, Deceased, Respondent.—In an action to recover damages for malpractice, etc., (1) defendant Smithtown General Hospital appeals, as limited by its brief, from so much of (a) a judgment of the Supreme Court, Suffolk County, entered July 9, 1975, which is in favor of plaintiffs and against it, upon a jury verdict, and (b) an amended judgment of the same court, entered August 7, 1975, which is also in favor of plaintiffs and against it, upon the said verdict and (2) plaintiffs cross appeal (a) from so much of the said amended judgment, entered August 7, 1975, as is in favor of defendant DeBastos and against them, upon a jury verdict, and (b) from a judgment of the same court, entered October 18, 1975, which is also in favor of defendant DeBastos and against them, upon the said verdict. Appeal by Smithtown General Hospital from the judgment of July 9, 1975 dismissed as academic. That judgment was superseded by the amended judgment of August 7, 1975. Judgment entered August 7, 1975 affirmed insofar as appealed from by defendant Smithtown General Hospital. Appeal by plaintiffs from a portion of the judgment entered August 7, 1975 dismissed as academic. The portion of that judgment sought to be reviewed was superseded by the judgment of October 18, 1975. Judgment entered October 18, 1975 affirmed. Plaintiffs are awarded one bill of costs against defendant Smithtown General Hospital and defendant DeBastos is awarded one bill of costs against plaintiffs. The trial court's review of the evidence in its charge was adequate and the defendant hospital took no exception with respect thereto. There was no abuse of discretion in the trial court's refusal to grant more than a limited recess to await the arrival of the recovery room nurse in view of the fact that no subpoena had been served on that ex-employee, and as there was no offer of proof that her testimony would be other than cumulative. The verdict of $115,000 in favor of plaintiff Janet Harrington, a mother with five children, with a 47.1-year life expectancy from the date of the incident, for removal of a herniated disc of the lower back five years after the incident, was not excessive. The evidence clearly supported the verdict in favor of the defendant DeBastos. Martuscello, Acting P. J., Cohalan, Damiani, Shapiro and Titone, JJ., concur.