■ CHRISTOPHER BOHAN et al., Plaintiffs, v AUTO PARTS OF JAMAICA, INC., Appellant, and *J.J.N. AUTO BODY, INC.,* et al., Respondents, et al., Defendants. (Action No. 1.) (And Three Other Actions.)—In jointly tried actions to recover damages for personal injuries and wrongful death, defendant Auto Parts of Jamaica, Inc., appeals (1) from an order of the Supreme Court, Queens County, dated April 24, 1979, which, upon a determination

after a nonjury trial that appellant had failed to rebut the presumption that it had given defendant Goldfarb permission to operate its vehicle, held all defendants to be "jointly, equally and severally liable to plaintiffs" and (2) from the judgment of the same court entered thereon on April 30, 1979. Appeal from the order dismissed (see *Matter of Aho,* 39 NY2d 241, 248). Judgment reversed, on the law, and new trial granted as to the issue of permissive use, with costs to abide the event. The new trial shall be conducted by a different Justice and if it is again determined that there had been a permissive use, then the apportionment of liability shall remain as previously determined. It was error for the court, sitting without a jury, to refuse to afford appellant the few days necessary to produce the witness Unger. Unger's testimony was important both in itself and in that it would have corroborated a significant portion of Sklirsky's testimony, which the trial court found to be "totally unworthy of belief." The trial court's determination as to the apportionment of liability was not challenged on appeal. Accordingly, if, upon retrial, it is again determined that there was permissive use, the apportionment of liability will remain as determined by the trial court. Titone, J. P., Mangano, Rabin and Cohalan, JJ., concur.