■ Nobu Next Door, LLC, et al., Respondents, v Fine Arts Housing, Inc., Appellant. [771 NYS2d 76]—

Orders, Supreme Court, New York County (Richard Braun, J.), entered March 13, 2003, which, inter alia, granted *Yellowstone* relief to plaintiff Nobu Next Door, LLC and injunctive and *Yellowstone* relief to Nobu Corp., tolling its time to exercise the renewal option in its lease on condition that it post a $10,000 bond, and denied defendant's cross motion to compel plaintiffs to replace an exhaust stack immediately, unanimously modified, on the law, without costs, to strike the bond and vacate the preliminary injunction, and otherwise affirmed, without costs.

It is undisputed that the exhaust chimney used in the operation of plaintiffs' restaurant is not liquid tight, as required by the Building Code. Consequently, it leaks grease and odors and may present a fire hazard. It is also undisputed that the exhaust stack has been the subject of years of negotiations between Nobu and defendant residential cooperative corporation.

In October 2002, plaintiffs were served with notices to cure defaults under their lease as the result of the failure to replace the exhaust stack and the accumulation of food waste at the premises. In November, plaintiff Nobu purported to exercise its option to renew its lease, scheduled to expire in October 2003, which defendant landlord rejected because of the tenant's default. This action ensued, and plaintiffs moved to preserve their leases and toll the time within which to cure their defaults. Supreme Court granted *Yellowstone* relief to both plaintiffs and an injunction tolling plaintiff Nobu's time to exercise its lease renewal option.

The goodwill of a business is a valuable right to which equitable protection extends (*see Sy Jack Realty Co. v Pergament Syosset Corp.*, 27 NY2d 449, 452-453 [1971]). However, where a default is willful, equitable relief will be denied (*see J. N. A. Realty Corp. v Cross Bay Chelsea*, 42 NY2d 392, 399 [1977]).

Nobu's failure to replace the exhaust stack was not due to inadvertence or oversight (*id.* at 396) but to a business judgment to defer the performance of repairs. Nor was the time period for effecting a cure so short as to require immediate injunctive relief (*First Natl. Stores v Yellowstone Shopping Ctr.,* 21 NY2d 630, 637 [1968]).

It is settled that the grant of *Yellowstone* relief does not obviate the necessity to satisfy the condition precedent to renewal that a tenant be in full compliance with the terms of its lease at the time the renewal option is exercised (*see Waldbaum, Inc. v Fifth Ave. of Long Is. Realty Assoc.,* 85 NY2d 600, 605-606 [1995], citing *Jefpaul Garage Corp. v Presbyterian Hosp.,* 61 NY2d 442, 446, 448 [1984]). To the extent that Nobu's obligation to effect repairs under its lease may have been subject to interpretation (*see Wolf v 2539 Realty Assoc.,* 161 AD2d 11, 13 [1990]), the tenant has failed to demonstrate that it lacked the means to replace the exhaust stack and litigate the issue of its responsibility for the repair after renewal had been obtained. Where the failure to obtain renewal under the terms of a lease is entirely attributable to a tenant's business judgment rather than to surprise, inadvertence or circumstances beyond its control, equitable relief to extend the time within which to exercise the lease renewal option is inappropriate. Concur—Saxe, J.P., Sullivan, Rosenberger, Friedman and Gonzalez, JJ.