GERALD P. KAMINSKY et al., Respondents-Appellants, v FSP INCORPORATED et al., Appellants-Respondents. [773 NYS2d 292]—

Order, Supreme Court, New York County (Richard Lowe, III, J.), entered July 25, 2003, which, to the extent appealed from as limited by the briefs, granted defendants' motion pursuant to CPLR 3211 (a) (1) and (7) insofar as to dismiss the second cause of action, for breach of fiduciary duty, but denied the motion with respect to the first cause of action, for breach of contract, unanimously affirmed, with costs.

The denial of defendants' motion with respect to plaintiffs' cause of action for breach of contract was correct since the verified complaint, particularly as amplified by plaintiff Gary

Kaminsky's affidavit and the pertinent language of the subject partnership agreement, discloses that plaintiffs have a valid claim for breach of contract, and the documentary evidence proffered by defendants failed to establish conclusively that plaintiffs breached provisions of the partnership agreement and have thus forfeited rights to payments of partnership distributions (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]).

Plaintiffs' cross appeal seeking reinstatement of their claim for breach of fiduciary duty lacks merit. Their claim for breach of fiduciary duty fails to allege conduct by defendants in breach of a duty other than, and independent of, that contractually established between the parties and is thus duplicative (*see William Kaufman Org. v Graham & James*, 269 AD2d 171, 173 [2000]).

We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Nardelli, J.P., Mazzarelli, Friedman and Gonzalez, JJ.