■ Marilyn M. Alper, Appellant-Respondent, v Robert W. Seavey et al., Respondents-Appellants, et al., Defendants. Marilyn M. Alper, Appellant, v Robert W. Seavey et al., Respondents, et al., Defendants. [780 NYS2d 564]—

Order, Supreme Court, New York County (Joan Madden, J.), entered December 4, 2002, insofar as it granted the Seavey defendants' motion for reargument of a prior order and adhered to the denial of summary judgment to plaintiff and to said defendants on their counterclaim, but granted summary judgment to said defendants dismissing the first and third causes of action, unanimously modified, on the law, to deny summary judgment as to plaintiff's first cause of action and reinstate said action for rescission, and otherwise affirmed, without costs. Cross appeal from that part of said order which challenged the denial of summary dismissal of the second cause of action unanimously dismissed, without costs, as superseded by the appeal from the order of November 17, 2003. Order, same court and Justice, entered on or about November 17, 2003, which,

inter alia, granted the Seavey defendants' motion for summary judgment dismissing the second cause of action, unanimously affirmed, without costs.

This dispute concerns funds escrowed as a down payment in a real estate transaction. Plaintiff purchaser seeks rescission of the contract of sale and the return of her $310,000 deposit. The Seavey defendants contend that the funds were forfeited by plaintiff's breach of the contract of sale. These competing claims invoke the Court's equitable jurisdiction—in plaintiff's case because her action sounds in equity (*Sokolow, Dunaud, Mercadier & Carreras LLP v Lacher*, 299 AD2d 64, 71 [2002]) and, in defendants' case, on the traditional basis that equity abhors forfeiture (*Fifty States Mgt. Corp. v Pioneer Auto Parks*, 46 NY2d 573, 577 [1979] [liquidated damages]; *Metropolitan Transp. Auth. v Cosmopolitan Aviation Corp.*, 99 AD2d 767, 768 [1984], *affd* 64 NY2d 623 [1984] [leasehold]; *Strauss v Union Cent. Life Ins. Co.*, 170 NY 349, 356 [1902] [saving provision]). Generally, rescission is available where a party lacks a "complete and adequate remedy at law and where the *status quo* may be substantially restored" (*Rudman v Cowles Communications*, 30 NY2d 1, 13 [1972] [citation omitted]).

Defendants Robert and Phyllis Seavey contracted to convey their cooperative apartment, located at 565 Park Avenue in Manhattan, to plaintiff Marilyn M. Alper for $3.1 million. Plaintiff paid the customary 10% deposit, placing $310,000 in escrow with the Seaveys' attorneys, defendant Gilbride, Tusa, Last & Spellane LLC.

As pertinent to this controversy, the contract provides, "Seller has not made any alterations or additions to the Unit without any required consent of the Corporation." Shortly after the contract was signed, plaintiff became aware that the sellers had made major alterations to the apartment in 1996. When plaintiff's request for the plans went unanswered, her attorney searched the records of the Department of Buildings. He discovered that the agency had never signed off on the alteration work, which appeared to be neither consistent with the plans filed with the Buildings Department nor in compliance with the Building Code, and so informed defendants' attorney.

In response, defendants noted that they were required to post a security deposit with the cooperative corporation, which was returned in full upon completion of the work. "Obviously," they contended, "the corporation would not have returned the deposit if it did not consent to the work as built." Furthermore, they pointed out, the contract expressly states that they made no "representation as to the condition of the Unit, that

Purchaser has inspected the Unit and is taking the Unit as is on the date of the Contract."

Plaintiff refused to proceed with the transaction and commenced this action. The sellers interposed a general denial and counterclaimed for breach of contract based on plaintiff's failure to submit a timely application for the cooperative corporation's approval of the transfer of shares allocated to the apartment and her refusal to otherwise consummate the transaction. In the orders appealed from, Supreme Court dismissed the complaint and continued the action as to defendants' counterclaim for breach of contract.

It is defendants' position that they received the tacit approval of the cooperative corporation for the work performed in their unit and that they are in compliance with the literal terms of the contract of sale, irrespective of whether the alterations actually made in the apartment are consistent with the plans submitted to the corporation or the Department of Buildings for approval. They reason that plaintiff is bound by the doctrine of caveat emptor, having agreed to take the premises "as is" and in the absence of any representations as to their condition. Thus, they conclude, they are entitled to enforce a forfeiture of plaintiff's deposit as liquidated damages for her breach in failing to consummate the sale of this apartment.

The record reflects that the cooperative's board of directors approved the Seaveys' plans for the proposed alteration work. As to the approval of the alterations actually made, all the board's president could say was that an employee of the managing agent customarily reviewed the work for compliance with the alteration agreement before returning the security deposit. Because the board stopped taking minutes of its meetings prior to the completion of the Seaveys' alterations, he could not say whether the work conformed to the approved plans. He did emphatically state that the board would not approve of any alteration that would cause a violation to be placed against the building. However, he did not know what kind of inspection the managing agent performed, nor did he have any personal knowledge regarding the condition of the apartment following the alteration work.

On the present record, which contains neither the alteration agreement with the cooperative corporation nor architectural drawings showing the alterations as actually constructed, it is not possible to determine whether the renovations made by defendant sellers either deviated materially from the plans approved by the cooperative corporation or resulted in conditions in the subject premises that violate the corporation's rules or

the Building Code. More to the point, it is not possible to say whether the board of directors, upon inspection of the subject premises, would require the cooperative tenant to make any alterations to comply with the corporation's rules and bylaws, which are also absent from the record.

Moreover, due to the failure of the cooperative board to specify that it approves of the alterations made to the subject premises so as to relieve the prospective purchaser of the risk that she might be required to undertake extensive remedial renovations, defendants have failed to meet their burden to eliminate any material question of fact from the case so as to warrant summary disposition of plaintiff's cause of action for rescission. However, plaintiff's claim for breach of contract was properly dismissed as duplicative of the cause of action for rescission, which seeks identical relief based upon the same facts and circumstances (*see Rockefeller Univ. v Tishman Constr. Corp.*, 240 AD2d 341, 343 [1997], *lv denied* 91 NY2d 803 [1997]). As there is no indication that the cooperative intends to take any further action with respect to the approval of the sale, Supreme Court properly dismissed the third cause of action seeking injunctive relief. Concur—Tom, J.P., Sullivan, Ellerin and Lerner, JJ.