■ ZAID THEATRE CORP., Appellant, v SONA REALTY CO., Respondent. [797 NYS2d 434]—

Order, Supreme Court, New York County (Louis B. York, J.), entered September 23, 2004, which denied plaintiff's motion for leave to amend its complaint and for a *Yellowstone* injunction, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, the motion granted and the matter remanded to Supreme Court for further proceedings.

Plaintiff operates the demised premises as a movie theatre under a commercial lease expiring in May 2014. The lease requires plaintiff to repair and maintain "all equipment used in connection with the Leased Property," including "the plumbing and electrical system, and fixtures in or upon the demised premises, and all other appliances and appurtenances [*sic*] thereto, the heating and the ventilation and air conditioning ('HVAC') system of the entire building of which the demised premises form a part, and all sidewalks, curbs and vaults appurtenant to the said demised premises." Tenantable "repairs" within the contemplation of the lease "include all necessary replacements, renewals, alterations, additions, and betterments." However, in the event of destruction, fire or other damage, "If the demised premises are partially damaged or rendered partially unusable by fire or other casualty, the damages thereto shall be repaired by and at the expense of Landlord."

In January 2001, the roof collapsed, causing extensive damage to the leased premises. The parties agreed that temporary repairs would be made by the tenant and that the cost would be deducted from plaintiff's rent. This action was commenced in January 2003 seeking damages for loss of business due to the landlord's asserted failure to effect the necessary roof repairs. A holdover proceeding subsequently commenced by the landlord was consolidated with this action and the complaint amended to add a cause of action seeking a declaration that the notice to cure, relevant to the holdover proceeding, had been improperly served. The added cause of action was subsequently discontinued upon a referee's finding that service of the notice was ineffective. Because the landlord demanded payment of alleged rent arrears in connection with its holdover proceeding, the complaint was amended a second time to add an action for declaratory judgment to determine the amount that plaintiff owed.

In June 2004, the landlord served a second 10-day notice to

354

cure, asserting that plaintiff had failed to make necessary repairs to the demised premises. Defendant also made a letter demand for the payment of $102,112.05 in real estate taxes alleged to be plaintiff's obligation under the lease. Plaintiff timely brought the instant motion to toll the period to cure the alleged lease violations (*First Natl. Stores v Yellowstone Shopping Ctr.*, 21 NY2d 630 [1968]) and to amend its complaint to challenge the real estate taxes charged to it and the validity of the repairs demanded in the notice to cure, imploring the court to "make a determination as to the parties' obligations with respect to any alleged necessary repairs."

In response, the landlord maintained that the items listed in its notice to cure are clearly plaintiff's responsibility under the lease. It further contended that it would be prejudiced by the delay attendant upon judicial determination of the parties' respective repair obligations, and therefore urged denial of the proposed amendment to the complaint. Finally, the landlord alleged that plaintiff had neither the desire nor the ability to cure its default.

In reply, plaintiff noted that it had already effected certain repairs recommended by its insurance carrier and that there was no impending danger to the building. Plaintiff asserted both its ability and desire to effectuate any necessary repairs so as to preserve the value of its leasehold and continue the operation of its business.

In a short-form order, Supreme Court briefly recited the history of the case over its year-and-a-half duration, attributing particular significance to the prior, second amendment to the complaint, responding to the allegations contained in the previous notice to cure. The court noted, "The new Notice to Cure is based on a completely different set of facts which would effectively put this action back to square one." Therefore, the court denied plaintiff's motion to amend the pleadings and declined to extend the *Yellowstone* injunction beyond 10 days after service of its order.

We agree with plaintiff that allocation of responsibility for repairs occasioned by the roof collapse is essential to the disposition of this matter. We do not agree with Supreme Court's intimation that either the issue or the facts necessary to its determination is novel so as to render amendment of the complaint prejudicial to the landlord. To the contrary, it is apparent that responsibility for the necessary roof repairs has been the central contention from the outset.

Leave to amend a pleading should be "freely given" (CPLR 3025 [b]) "as a matter of discretion in the absence of prejudice

or surprise" (*Stroock & Stroock & Lavan v Beltramini*, 157 AD2d 590, 591 [1990]; *Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959 [1983]), although to conserve judicial resources, examination of the underlying merit of the proposed amendment is mandated (*Megaris Furs v Gimbel Bros.*, 172 AD2d 209 [1991]). Therefore, a motion for leave to amend a pleading "must be supported by an affidavit of merits and evidentiary proof that could be considered upon a motion for summary judgment" (*Nab-Tern Constructors v City of New York*, 123 AD2d 571, 572 [1986]). We note that plaintiff's application is amply supported by the requisite affidavit and accompanying documentation.

The terms of the parties' lease do not support the landlord's contention that the repairs it seeks are clearly the responsibility of its tenant. The first five items listed in the notice to cure concern repairs to the roof and parapet walls, and several other items involve repairs to roof fixtures. Whether the condition of these items is attributable to the roof collapse cannot be ascertained on this record. However, the necessity of these and other repairs, such as "replacement of all domestic water piping and associated equipment," is hardly beyond question. Furthermore, nothing in the record indicates that the landlord made any repairs to the roof after its collapse. Therefore, we find merit to plaintiff's contention that defendant is attempting to avoid its lease obligation to assume the cost of repairs necessitated by "fire or other casualty."

As to the injunctive relief sought, it is well settled that the law does not favor forfeiture (*see Fifty States Mgt. Corp. v Pioneer Auto Parks*, 46 NY2d 573, 576-577 [1979]). Particularly, it is recognized that "equity abhors forfeitures of valuable leasehold interests" (*Metropolitan Transp. Auth. v Cosmopolitan Aviation Corp.*, 99 AD2d 767, 768 [1984], *affd* 64 NY2d 623 [1984]; *see also Alper v Seavey*, 9 AD3d 263 [2004]), and equitable relief is warranted by way of a *Yellowstone* injunction to preserve the commercial tenant's ability to cure a default after a determination of the merits (*see Long Is. Gynecological Servs. v 1103 Stewart Ave. Assoc. Ltd. Partnership*, 224 AD2d 591, 593 [1996]; *Mann Theatres Corp. v Mid-Island Shopping Plaza Co.*, 94 AD2d 466, 477 [1983]). Plaintiff has operated a movie theatre at the premises for over 25 years, and its goodwill is a valuable right warranting equitable protection (*see Nobu Next Door v Fine Arts Hous.*, 3 AD3d 335, 335 [2004], citing *Sy Jack Realty Co. v Pergament Syosset Corp.*, 27 NY2d 449, 452-453 [1971]). Concur—Tom, J.P., Mazzarelli, Andrias, Friedman and Gonzalez, JJ.