EMMETT BROOKS, JR., Appellant, v KEY TRUST COMPANY NATIONAL ASSOCIATION, Also Known as KEY TRUST COMPANY, N.A., et al., Respondents. [809 NYS2d 270]—

Spain, J. Appeal from an order of the Supreme Court (McCarthy, J.), entered October 21, 2004 in Albany County, which partially granted defendants' motion to dismiss the complaint.

In April 2000, after a series of presentations and meetings, plaintiff and his wife, now deceased, entered into an investment management agreement with Key Trust Company, N.A. and executed various documents whereby plaintiff transferred their securities investment retirement account to Key Trust Company which would actively manage the account using Key Asset Management, Inc., now known as defendant Victory Capital Management, Inc., as an investment advisor. In May 2000, plaintiff executed a new investment management agreement. During the two-year course of their financial relationship, plaintiff entered into a series of agreements under which defendant Key Bank National Association extended loans to plaintiff or extended him credit, some collateralized by plaintiff's investment account or residence.

Following substantial losses in plaintiff's portfolio account, plaintiff commenced this action against defendants alleging causes of action for breach of contract, breach of fiduciary duties, violation of General Business Law § 349, common-law rescission of loans extended by defendants, an accounting, and punitive damages. Upon defendants' motion to dismiss all asserted causes of action pursuant to CPLR 3211 (a) (7) for failure to state a claim, Supreme Court partially granted the motion, dismissing all claims except for breach of contract and an accounting. The court also determined that punitive damages were not recoverable for any of the remaining causes of action. Plaintiff now appeals, and we affirm.

Initially, while defendants are correct that plaintiff failed to perfect his appeal in a timely manner (*see* 22 NYCRR 800.9 [a]), defendants did not move to dismiss the appeal (*see* 22 NYCRR 800.9 [d]). Moreover, defendants' request for costs is denied, as costs are not authorized for an appellant's untimely filing of a brief and record (*cf.* 22 NYCRR 800.9 [d]; *Wilson v Proctors Theater & Arts Ctr. & Theater of Schenectady*, 223 AD2d 826 [1996]). Also, plaintiff perfected the appeal within nine months of filing his notice of the appeal and, thus, his appeal is not deemed to have been abandoned (*see* 22 NYCRR 800.12).

Under well-established principles, defendants' motion to dismiss plaintiff's claims under CPLR 3211 (a) (7) for failure to state a cause of action requires the court to "afford the pleadings a liberal construction, take the allegations of the complaint as true and provide plaintiff the benefit of every possible inference" (*EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19 [2005]; *see AG Capital Funding Partners, L.P. v State St. Bank & Trust Co.*, 5 NY3d 582, 591 [2005]; *Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *Leon v Martinez*, 84 NY2d

83, 87-88 [1994]). In so doing, we "determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez, supra* at 87-88). Upon review, we find that Supreme Court, employing the proper standards, correctly dismissed plaintiff's causes of action.

With regard to plaintiff's cause of action for breach of a fiduciary relationship, plaintiff demonstrated that defendants' role as his financial advisor with discretionary authority to manage his investment accounts created a fiduciary duty (*see Rasmussen v A.C.T. Envtl. Servs.*, 292 AD2d 710, 712 [2002]; *see also EBC I, Inc. v Goldman, Sachs & Co., supra* at 19-20; Restatement [Second] of Torts § 874, Comment *a*). However, plaintiff's claim is based upon the same facts and theories as his breach of contract claim and was properly dismissed as duplicative (*see Kaminsky v FSP Inc.*, 5 AD3d 251, 252 [2004]; *William Kaufman Org. v Graham & James*, 269 AD2d 171, 173 [2000]; *see also Brasseur v Speranza*, 21 AD3d 297, 298 [2005]; *Fesseha v TD Waterhouse Inv. Servs.*, 305 AD2d 268, 269 [2003]). The allegations underlying plaintiff's fiduciary duty claim—based upon defendants' self-dealing, conflict of interests, and failure to advise plaintiff and prudently manage and diversify his portfolio, and encouraging improper loans to plaintiff—are either expressly raised in plaintiff's breach of contract claim or encompassed within the contractual relationship by the requirement implicit in all contracts of fair dealings and good faith (*see 511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 153 [2002]). As such, plaintiff has not "set[ ] forth allegations that, *apart from the terms of the contract*" (*EBC I, Inc. v Goldman, Sachs & Co., supra* at 20 [emphasis added]), the parties "created a relationship of higher trust than would arise from [their contracts] alone" (*id.*), so as to permit a cause of action for breach of a fiduciary duty independent of the contractual duties (*see Kaminsky v FSP Inc., supra*).

Supreme Court also correctly dismissed plaintiff's deceptive business practices claim under General Business Law § 349, as it did not allege conduct by defendants that is "[c]onsumer-oriented," i.e., that defendants engaged in "acts or practices [that] have a broader impact on consumers at large" (*Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d 20, 25 [1995]; *see U.W. Marx, Inc. v Bonded Concrete, Inc.*, 7 AD3d 856, 858 [2004]; *cf. Gaidon v Guardian Life Ins. Co. of Am.*, 94 NY2d 330, 344 [1999]). The gravaman of plaintiff's complaint is that defendants induced him to transfer his investment account to them for active management, that defendants thereafter failed to abide by promises and representations

regarding the management and goals of plaintiff's account, and provided imprudent financial and investment advice and account management. While some standard forms were apparently used and some of the loans extended to plaintiff may be characterized as consumer loans, his claims concern defendants' investment advice and management of his accounts, a "[p]rivate contract dispute[ ], unique to the parties," which did not amount to conduct affecting the consuming public at large and which is outside the ambit of this statute (*Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank, supra* at 25; *see Gray v Seaboard Sec., Inc.*, 14 AD3d 852 [2005], *lv dismissed* 4 NY3d 846 [2005]; *Green Harbour Homeowners' Assn. v G.H. Dev. & Constr.*, 307 AD2d 465, 468-469 [2003], *lv dismissed* 100 NY2d 640 [2003]; *Egan v New York Care Plus Ins. Co.*, 277 AD2d 652, 653 [2000]; *Teller v Bill Hayes, Ltd.*, 213 AD2d 141, 145-148 [1995], *lv dismissed and denied* 87 NY2d 937 [1996]).

Likewise, plaintiff's cause of action for common-law recession of the *loans* extended to him by defendants—apparently for the purpose of holding rather than selling securities in the investment account—is clearly premised solely upon defendant's alleged wrongful conduct under the investment contracts. Since plaintiff has a "complete and adequate remedy at law" (*Alper v Seavey*, 9 AD3d 263, 264 [2004]) pursuant to his breach of contract cause of action, dismissal of this recission claim was warranted (*see Marshall v Alaliewie*, 304 AD2d 1026, 1027 [2003]).

Finally, punitive damages are not available for plaintiff's remaining causes of action (*see Egan v New York Care Plus Ins. Co., supra* at 653). Even crediting all of plaintiff's allegations regarding the culpable nature of defendants' actions, they constitute private wrongs which were not directed at the public and for which such damages are not recoverable in a breach of contract claim (*see Rocanova v Equitable Life Assur. Socy. of U.S.*, 83 NY2d 603, 613 [1994]; *Westinghouse Elec. Supply Co. v Pyramid Champlain Co.*, 193 AD2d 928, 932 [1993]; *RKB Enters. v Ernst & Young*, 182 AD2d 971, 973 [1992]).

We have reviewed plaintiff's remaining contentions and find that none merits reinstatement of any of the dismissed claims and, in light of this conclusion, we need not address defendants' alternative arguments for affirmance.

Cardona, P.J., Crew III, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.