13-4189-cv
Snyder v. Wells Fargo Bank, N.A.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of December, two thousand fourteen.

PRESENT:  AMALYA L. KEARSE,
          CHESTER J. STRAUB,
          REENA RAGGI,
                    *Circuit Judges.*

------------------------------------------------------------------------
RICHARD SNYDER,

               *Plaintiff-Appellant*,

     v.                                                      No. 13-4189-cv

WELLS FARGO BANK, N.A., as successor to Wachovia
Bank, N.A.,

               *Defendant-Appellee*.

------------------------------------------------------------------------
APPEARING FOR APPELLANT:     RAYMOND J. DOWD (Samuel A. Blaustein, Justin T. Kelton, *on the brief*), Dunnington, Bartholow & Miller, LLP, New York, New York.

APPEARING FOR APPELLEE:      MICHAEL P. MANNING, Greenberg Traurig, LLP, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Shira A. Scheindlin, *Judge*).

1

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on October 3, 2013, is AFFIRMED.

Plaintiff Richard Snyder, who brought this diversity action against Wells Fargo Bank, N.A. ("Wells Fargo"), alleging breach of contract and breach of fiduciary duty by Wells Fargo's predecessor, Wachovia Bank, N.A. ("Wachovia"), appeals from a final judgment entered after a second trial at which the jury found in favor of Wachovia on both claims. Snyder now challenges the district court's decision setting aside the first trial verdict on the fiduciary-duty claim and seeks reinstatement of that verdict. See Snyder v. Wells Fargo Bank, N.A., 941 F. Supp. 2d 389 (S.D.N.Y. 2013); Fed. R. Civ. P. 50(b). In the alternative, he seeks remand for a new trial limited to the issue of damages, faulting the district court's exclusion of certain expert opinion. We review the vacating of a jury verdict on a Rule 50(b) motion de novo, see Tepperwien v. Entergy Nuclear Operations, Inc., 663 F.3d 556, 567 (2d Cir. 2011), and the exclusion of expert opinion for abuse of discretion, see Cameron v. City of New York, 598 F.3d 50, 61 (2d Cir. 2010). We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.      Vacatur of the Jury's Verdict on the Fiduciary Duty Claim

Snyder argues that the district court erred in vacating the first trial's verdict because the trial evidence was sufficient to permit the jury to conclude that Wachovia breached its fiduciary duty to Snyder by failing to hedge or "collar" his investments against the risks of

2

a market downturn.[1]  See id. at 59 (stating that setting aside jury verdict under Rule 50(b) appropriate only if reasonable jury would not have legally sufficient evidentiary basis to find for non-movant on that issue).   In considering this argument, we must view the record evidence in the light most favorable to Snyder and draw all reasonable inferences in his favor.   See Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000).

Where, as here, the parties' relationship originated in contract, a plaintiff suing for breach of fiduciary duty must prove that the parties "created a relationship of higher trust than would arise from [their contract] alone."   EBC I, Inc. v. Goldman, Sachs & Co., 5 N.Y. 3d 11, 20, 799 N.Y.S. 2d 170, 175 (2005).[2]   The contract at issue, an investment management agreement, afforded Wachovia considerable discretion with respect to Snyder's portfolio.   This gave rise to a duty of care "not to act arbitrarily or irrationally in exercising that discretion."   Dalton v. Educ. Testing Serv., 87 N.Y.2d 384, 389, 639 N.Y.S.2d 977, 979 (1995).

Nevertheless, Snyder's breach-of-fiduciary-duty claim rested on the same failed duty as his breach-of-contract claim: namely, Wachovia's failure to implement an agreed-on hedging strategy for Snyder's investments.   As the district court correctly noted, this alone supports vacatur of the first jury's verdict on the fiduciary-duty claim. See Carvel Corp. v. Noonan, 350 F.3d 6, 16 (2d Cir. 2003) ("Where the plaintiff and

---

[1] A "collar" is an option strategy that limits the range of possible positive or negative returns on an underlying stock to a specific range by using a combination of put and call options.

[2] The parties do not dispute that New York law applies here because it is the law of the forum state.   See Bank of N.Y. v. Amoco Oil Co., 35 F.3d 643, 650 (2d Cir. 1994).

3

defendant are parties to a contract, and the plaintiff seeks to hold the defendant liable in tort, the plaintiff must prove that the defendant breached a duty 'independent' of its duties under the contract; otherwise plaintiff is limited to an action in contract." (citing Clark-Fitzgerald Inc. v. Long Island R.R. Co., 70 N.Y.2d 382, 521 N.Y.S.2d 653 (1987)); see also Brooks v. Key Trust Co. Nat. Ass'n, 26 A.D.3d 628, 630, 809 N.Y.S.2d 270, 272 (3d Dep't 2006) (finding no separate claim for breach of fiduciary duty where the "allegations underlying plaintiff's fiduciary duty claim . . . are either expressly raised in plaintiff's breach of contract claim or encompassed within the contractual relationship by the requirement implicit in all contracts of fair dealings and good faith").

Snyder argues that Wachovia had an independent duty arising out of Office of the Comptroller of the Currency ("OCC") regulations governing fiduciary accounts. The relevant regulations, however, state that a national bank that has investment discretion on behalf of another exercises its "fiduciary capacity" by investing funds "in a manner consistent with applicable law," which law includes the "terms of the instrument governing a fiduciary relationship"—here, the investment management agreement. 12 C.F.R. §§ 9.2(b), (e), 9.11. These OCC regulations do no more than reinforce Wachovia's existing duty under the contract and New York law "not to act arbitrarily or irrationally in exercising [its] discretion." Dalton v. Educ. Testing Serv., 87 N.Y.2d at 389, 639 N.Y.S.2d at 979.

Accordingly, we conclude that, because Snyder's breach-of-fiduciary-duty claim was duplicative of his breach-of-contract claim, the district court correctly vacated that part

of the first jury's verdict. In light of this holding, we need not reach Snyder's argument that the jury's breach-of-fiduciary-duty finding was supported by the record.

2.     Exclusion of Expert Opinion

Snyder argues that he is entitled to a new trial as to damages because the district court abused its discretion in excluding expert opinion that Wachovia should have implemented a conservative hedging strategy immediately upon receipt of his securities on August 8, 2008. The record indicates that the purported basis for this opinion was the expert's experience working at Merrill Lynch, where such immediate implementation was authorized. But what Merrill Lynch policy allowed does not speak to Wachovia's policies—which the expert testified he had never read. Thus, an opinion so grounded was properly excluded as irrelevant. See United States v. Rutkoske, 506 F.3d 170, 177 (2d Cir. 2007) (explaining that relevancy requires "a relation" between the evidence "and a matter properly provable in the case"). Moreover, Snyder's expert failed to tie his opinion to established industry practice, instead seeking to opine on such practices solely by reference to the very facts of this case. The district court acted well within its discretion in excluding such opinion. See United States v. Scop, 846 F.2d 135, 143 (2d Cir. 1988) (holding expert testimony improper where it drew legal conclusions based entirely on the facts of the case in which the testimony was elicited); cf. United States v. Bilzerian, 926 F.2d 1285, 1294 (2d Cir. 1991) (affirming admissibility of expert testimony "on federal securities regulation and the filing requirements of Schedule 13D" when "presented by referring to a blank form").

5

The district court also correctly excluded the expert's opinion insofar as it went to ultimate issues for jury resolution—specifically, an opinion that Wachovia's contractual and fiduciary duties required it to implement the hedging strategy, and an opinion that Wachovia breached these duties by failing to implement the hedging strategy upon receipt of Snyder's September 27, 2008 email directing transfer of his assets to Bank of New York. See United States v. Bilzerian, 926 F.2d at 1294 (holding that while expert "may opine on an issue of fact within the jury's province," he "may not give testimony stating ultimate legal conclusions based on those facts").

Finally, insofar as Snyder sought to elicit expert opinion that Snyder adequately explained the investment preferences he wished Wachovia to implement, the district court did not manifestly err in deciding that the jury could understand and assess this matter without expert help. See Andrews v. Metro North Commuter R.R. Co., 882 F.2d 705, 708 (2d Cir. 1989) (holding that proffered expert testimony cannot be directed to "lay matters which a jury is capable of understanding and deciding without the expert's help"); see also SR Int'l Bus. Ins. Co. v. World Trade Ctr. Properties, LLC, 467 F.3d 107, 119 (2d Cir. 2006) (stating that exclusion of expert testimony will not be overturned unless "manifestly erroneous").

Even if we had identified error, however, we would conclude that it was harmless and, thus, not warranting a new trial. See Cameron v. City of New York, 598 F.3d at 61. Snyder successfully elicited testimony from his expert on many of the subjects he now argues were improperly excluded, including that Wachovia could have successfully

6

hedged Snyder's investments in August and September 2008. This testimony laid the foundation for Snyder's summation argument that Wachovia breached its duties by not implementing the hedging strategy. Thus, there is no reason to think that exclusion of expert testimony likely affected the outcome of the case. See Tesser v. Bd. of Educ. of City Sch. Dist. Of City of N.Y., 370 F.3d 314, 319 (2004).

Thus, we conclude that the exclusion of expert testimony does not warrant a new trial.

3.      Conclusion

We have considered Synder's remaining arguments and conclude that they are without merit. We therefore AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court