■ PLAZA COLLECTIBLES CORP., Appellant, et al., Plaintiff, v DIRECTORS GUILD OF AMERICA, INC., Respondent. [65 NYS3d 41]—

Order and judgment (one paper), Supreme Court, New York County (Joan M. Kenney, J.), entered November 1, 2016, which denied plaintiffs' motion for a *Yellowstone* injunction, granted defendant's motion to vacate a temporary restraining order, and denied plaintiffs' request for a declaration that the parties' lease had been renewed, unanimously modified, on the law,

solely to declare that the lease was not renewed, and otherwise affirmed, without costs.

The court properly denied plaintiffs' motion for a *Yellowstone* injunction and granted defendant's motion to vacate the temporary restraining order because plaintiffs no longer held a lease to the premises (*see Graubard Mollen Horowitz Pomeranz & Shapiro v 600 Third Ave. Assoc.*, 93 NY2d 508, 514 [1999]). Alternatively, plaintiffs failed to demonstrate their readiness to cure any claimed default.

The court erred in finding that plaintiffs did not validly exercise the option to renew the lease on the ground that the letter declaring their intent to do so was not sent more than 180 days before the lease's expiration. As the parties admit, the lease was set to expire on December 31, 2014, not September 19, 2014. Thus, plaintiffs' April 12, 2014 letter was timely. Nevertheless, plaintiffs did not validly exercise the renewal option, because the letter did not strictly comply with the written notice requirements of the lease (*see American Realty Co. v 64 B Venture*, 176 AD2d 226, 227 [1st Dept 1991], *lv denied* 79 NY2d 756 [1992]). In any event, defendant was permitted to cancel the renewal option, because, at the time they sought to exercise it, plaintiffs were in incurable breach of the lease (*see Nobu Next Door v Fine Arts Hous.*, 3 AD3d 335, 336 [1st Dept 2004], *affd* 4 NY3d 839 [2005]). Concur—Friedman, J.P., Gische, Kapnick, Kahn and Moulton, JJ.