MFB Realty LLC v Eichner (2018 NY Slip Op 03800)





MFB Realty LLC v Eichner


2018 NY Slip Op 03800


Decided on May 29, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2018

Sweeny, J.P., Richter, Webber, Gesmer, Moulton, JJ.


653549/14 -6350B 6350A 6350

[*1] MFB Realty LLC, etc., et al., Plaintiffs-Appellants,
v
Ian Bruce Eichner, et al., Defendants-Respondents.


Sinnreich Kosakoff & Messina LLP, Central Islip (Jarrett M. Behar of counsel), for appellants.
Perkins Coie LLP, New York (Gary F. Eisenberg of counsel), for respondents.



Judgment, Supreme Court, New York County (Saliann Scarpulla, J.), entered August 19, 2016, insofar as appealed from as limited by the briefs, dismissing the first through eighth and tenth causes of action without prejudice, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered June 29, 2016, unanimously dismissed, without costs, as subsumed in the appeal from the judgment. Order, same court and Justice, entered on or about September 8, 2017, which, insofar as appealed from as limited by the briefs, denied plaintiff MFB Realty LLC's motion for leave to amend the complaint and vacated the judgemnt, unanimously affirmed, without costs.
The court dismissed the first through eighth and tenth causes of action of the original complaint on the grounds that they were derivative and MFB lacked standing to bring derivative claims because it was not a member of derivative plaintiff T. Park Central, LLC (T Park).
On appeal, plaintiffs contend that the documentary evidence does not definitively show that MFB was merely an assignee. This argument is unavailing. T Park's operating agreement clearly distinguishes between an assignee or transferee and a member. The document dated as of December 19, 2005 shows that defendants the Eichners merely consented to a transfer of former plaintiff Jay Furman's and nonparty Richard Birdoff's interests to MFB; they did not also consent to MFB's becoming a member of T Park. T Park's operating agreement provides: "Notwithstanding anything contained in this Agreement to the contrary, no . . . transferee shall become a Member without the written consent of Members owning ninety-five percent . . . of the Membership Interests." There is no such written consent in the record.
The motion court providently exercised its discretion in denying MFB leave to amend (see Zaid Theatre Corp. v Sona Realty Co., 18 AD3d 352, 355 [1st Dept 2005]). The proposed amended complaint is based on the same wrongs as the original complaint; it merely recasts derivative claims as direct ones. However, in reality, the claims in the proposed amended complaint are derivative, not direct (see e.g. Glenn v Hoteltron Sys., 74 NY2d 386, 392 [1989] [claim of diversion of corporate assets is derivative, not direct]).
Moreover, since MFB is not a member of T Park, defendant Park Central LLC (T Park's managing member) does not owe MFB a fiduciary duty (see Estate of Calderwood v ACE Group Intl. LLC, 157 AD3d 190, 196-197 [1st Dept 2017]). Even if, arguendo, defendants (the majority members of T Park) owed a fiduciary duty to MFB (the assignee of the minority members), the [*2]harm suffered by MFB is "embedded in the harm to [T Park] . . . [and] cannot separately stand" (Serino v Lipper, 123 AD3d 34, 40 [1st Dept 2014]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 29, 2018
CLERK