Alfred-Almond Cent. Sch. Dist. v NY44 Health Benefits Plan Trust (2019 NY Slip Op 06303)





Alfred-Almond Cent. Sch. Dist. v NY44 Health Benefits Plan Trust


2019 NY Slip Op 06303


Decided on August 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


611 CA 18-02081

[*1]ALFRED-ALMOND CENTRAL SCHOOL DISTRICT, ET AL., PLAINTIFFS-APPELLANTS,
v
NY44 HEALTH BENEFITS PLAN TRUST, JOHN POPE, DEBORAH PIATEK, SCOTT DECKER, ROB GOTTSCHALL, DONNA WALTERS, JAMES FREGELETTE, MELODY JASON, JUSTIN DEMARTIN, MICHELLE OKAL-FRINK, CANDACE REIMER, AND ERIE 1 BOARD OF COOPERATIVE EDUCATIONAL SERVICES, DEFENDANTS-RESPONDENTS. 






COSTELLO, COONEY & FEARON, PLLC, SYRACUSE (CHRISTOPHER M. MILITELLO OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.
NIXON PEABODY LLP, BUFFALO (ERIK A. GOERGEN OF COUNSEL), FOR DEFENDANTS-RESPONDENTS NY44 HEALTH BENEFITS PLAN TRUST, JOHN POPE,



 Appeal from an order of the Supreme Court, Erie County (Deborah A. Chimes, J.), entered October 4, 2018. The order, among other things, granted the motion of defendant Erie 1 Board of Cooperative Educational Services to dismiss the complaint as against it and granted the motion of the remaining defendants to dismiss the second, fourth, fifth, sixth, tenth and eleventh causes of action against them. 
It is hereby ORDERED that said appeal from the order insofar as it concerns the fifth cause of action is unanimously dismissed and the order is affirmed without costs.
Memorandum: Plaintiffs, several public school districts and boards of cooperative education services, were members of defendant NY44 Health Benefits Plan Trust (Trust), which is an employee welfare fund created by defendant Erie 1 Board of Cooperative Educational Services (Erie 1 BOCES). The individual defendants are members of the Trust's Board of Trustees (Trustees). Plaintiffs commenced this action seeking, inter alia, damages related to defendants' alleged imposition of inequitable contribution rates for plaintiffs. Plaintiffs appeal from an order that, inter alia, granted the pre-answer motion of Erie 1 BOCES to dismiss the complaint against it in its entirety; granted the motion of the Trust and the Trustees (collectively, Trust defendants) to dismiss the 2nd, 4th through 6th, 10th and 11th causes of action against them; and denied those parts of plaintiffs' cross motion seeking leave to amend the 2nd, 4th though 6th, and 9th though 11th causes of action and seeking partial summary judgment with respect to the fifth cause of action. We dismiss plaintiffs' appeal with respect to the fifth cause of action as moot and otherwise affirm.
Contrary to plaintiffs' contention, Supreme Court properly granted the Trust defendants' motion insofar as it sought to dismiss the second and fourth causes of action, for breach of fiduciary duty, as duplicative of the causes of action for breach of contract. We conclude that the Trust defendants' fiduciary duty, if it existed at all, arose from the terms of the contract by which plaintiffs became members of the Trust (Trust Agreement), and was not "independent of" or [*2]" extraneous to' " the contract (LaBarte v Seneca Resources Corp., 285 AD2d 974, 976 [4th Dept 2001]; see Kaminsky v FSP Inc., 5 AD3d 251, 252 [1st Dept 2004]). There are no allegations, "apart from the terms of the contract . . . [that would have] created a relationship of higher trust than would arise from the [contract] alone" (EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 20 [2005]).
Although plaintiffs contend that the court erred in denying that part of their cross motion for partial summary judgment with respect to the fifth cause of action, we conclude that the appeal from the order insofar as it concerns the fifth cause of action must be dismissed as moot. In the fifth cause of action, plaintiffs sought a declaration that certain provisions of the Trust Agreement violate the term limits rule, which "prohibits one municipal body from contractually binding its successors in areas relating to governance unless specifically authorized by statute or charter provision to do so" (Matter of Karedes v Collela, 100 NY2d 45, 50 [2003]). Ten of the plaintiffs already terminated their participation in the Trust. Thus, those 10 plaintiffs are no longer subject to the terms of the Trust Agreement, and therefore the cause of action based on allegations that the Trust Agreement violated the term limits rule with respect to those plaintiffs is moot (see generally Matter of Bailey v Village of Lyons Bd. of Trustees, 117 AD3d 1593, 1593 [4th Dept 2014]). Two of the plaintiffs, Delaware-Chenango-Madison-Otsego Board of Cooperative Education Services and Otselic Valley Central School District, gave notice of their intent to withdraw from the Trust in June 2018, and were scheduled to depart from the Trust on June 30, 2019. Thus, there is no violation of the term limits rule with respect to those two plaintiffs because they will no longer be bound by the terms of the Trust. The remaining three plaintiffs—Cooperstown Central School District, Schenevus Central School District, and Otego-Unadilla Central School District—became eligible to give notice of intent to withdraw from the Trust on July 1, 2018. Therefore, those three plaintiffs have the option to serve their notice of withdrawal at any time and to be released from their obligations under the Trust no more than a year thereafter, and thus the successors of those municipal bodies are not contractually bound to remain in the Trust (see generally Karedes, 100 NY2d at 50). As such, the appeal from the order insofar as it concerns the fifth cause of action must be dismissed as moot as plaintiffs' rights are not "actually controverted" by that part of the order (Matter of Hearst Corp. v Clyne, 50 NY2d 707, 713 [1980]; see Bailey, 117 AD3d at 1593).
Entered: August 22, 2019
Mark W. Bennett
Clerk of the Court