VXI Lux Holdco, S.A.R.L. v SIC Holdings, LLC (2021 NY Slip Op 03294)





VXI Lux Holdco, S.A.R.L. v SIC Holdings, LLC


2021 NY Slip Op 03294


Decided on May 25, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 25, 2021

Before: Renwick, J.P. Webber, González, Scarpulla, JJ. 


Index No. 652064/17 Appeal No. 13913 Case No. 2020-02978 

[*1]VXI Lux Holdco, S.A.R.L., Plaintiff-Appellant,
v
SIC Holdings, LLC, et al., Defendants-Respondents, Flanderit Holding AB, et al., Defendants.


Proskauer Rose LLP, New York (David W. Heck of counsel), and Proskauer Rose LLP, Los Angles, CA (Jonathan M. Weiss of the bar of the State of California, admitted pro hac vice, of counsel), for appellant.
Dunnington, Bartholow & Miller LLP, New York (William F. Dahill of counsel), for respondents.



Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered June 4, 2020, which granted defendants' CPLR 3211 motion to dismiss the second amended complaint's (SAC) third cause of action, sounding in fraud, unanimously reversed, on the law, with costs, and the motion denied.
This action arises from plaintiff's $112 million purchase of Symbio S.A. from defendants. Accepting plaintiff's allegations as true, as amplified by the affidavits and documentary evidence submitted on the motion (see Rovello v Orofino Realty Co., 40 NY2d 633, 635 [1976]; Kaminsky v FSP Inc., 5 AD3d 251, 251-252 [1st Dept 2004]), the SAC pleads, in great detail, that defendants, faced with a Chinese government audit, engaged in fraud to hide the fact that they had underpaid the social insurance tax applicable to their employees in Chengdu, China. Defendants allegedly did this by falsifying documents, including by altering personnel files to make it look as though dozens of exempt employees based elsewhere were actually working in Chengdu. To complete the scheme, defendants bribed the auditing firm, by means of a $25,000 payment funneled through a sham construction contract.
Plaintiff alleges that the $3 million tax underpayment, which was an unaccounted expense, had the effect of inflating Symbio's earnings before interest, taxes, deductions, and amortization (EBITDA) by the same amount. Thus, when Symbio presented its books to plaintiff, they contained several misrepresentations — expenses and tax liabilities were understated and EBITDA was overstated. The inflation of the EBITDA likewise inflated Symbio's apparent growth rate, which in turn inflated the company's market valuation.
Even though plaintiff inspected Symbio's financial statements and other corporate records during due diligence, plaintiff claims, given the nature of the deception, the fraud was essentially undetectable. Thus, plaintiff alleges, even though it retained a major accounting firm, that accounting firm was also duped and issued a report which did not find the social insurance tax fraud.
The social insurance tax fraud allegedly inflated Symbio's EBITDA, from about $3 million to a projected $8.8 million. The apparent EBITDA growth inflated the company's revenue prospects, resulting in plaintiff overpaying for Symbio S.A. Plaintiff alleges that, had it known all of the facts, it would have offered much less, and the resulting overpayment caused plaintiff to suffer significant financial loss (see Sager v Friedman, 270 NY 472, 481 [1936]; Kumiva Group, LLC v Garda USA Inc., 146 AD3d 504, 506 [1st Dept 2017]).
On these allegations, plaintiff has sufficiently pleaded a cause of action for fraud against defendants (see Ross v Louise Wise Servs., Inc., 8 NY3d 478, 488 [2007]; Art Capital Group, LLC v Neuhaus, 70 AD3d 605, 607 [1st Dept 2010]). In particular, plaintiff adequately pleaded that it justifiably relied on the documents presented by Symbio during due diligence, taking diligent steps [*2]including retention of an accounting firm for review (see Basis Yield Alpha Fund Master v Morgan Stanley, 136 AD3d 136, 141-143 [1st Dept 2015]). Moreover, in addition to allegations that defendants Hsu and Lu directly participated in the fraud, defendants' knowledge can be inferred from its alleged pervasiveness (see AIG Fin. Prods. Corp. v ICP Asset Mgt., LLC, 108 AD3d 444, 446-447 [1st Dept 2013]).
Similarly, the key additional element of a claim for fraudulent concealment — duty to disclose — is met here, given the hidden nature of the fraud, which turned on falsified records and bribed auditors, and the practical impossibility of discovering the fraud through ordinary diligence (see Black v Chittenden, 69 NY2d 665, 669 [1986]; Jana L. v West 129th St Realty Corp., 22 AD3d 274 [1st Dept 2005]).
Defendants' alleged deception also breached numerous warranties set forth in the governing stock purchase agreement, including that Symbio's financial statements were materially complete and correct, that its EBITDA projections were reasonable and made in good faith, that it had no material undisclosed liabilities, and that it conducted its business in compliance with applicable law. Nevertheless, "[a] warranty is not a promise of performance, but a statement of present fact. Accordingly, a fraud claim can be based on a breach of contractual warranties notwithstanding the existence of a breach of contract claim" (First Bank of Ams. v Motor Car Funding, 257 AD2d 287, 292 [1st Dept 1999]; accord Wyle Inc. v ITT Corp., 130 AD3d 438, 439, 441 [1st Dept 2015]). Thus, the fraud claim does not duplicate the contract claim (see GoSmile, Inc. v Levine, 81 AD3d 77, 81-82 [1st Dept 2010], lv dismissed 17 NY3d 782 [2011]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 25, 2021